MORRIS *v.* THE STATE, 8 Smedes & Marshall, 762.

### FORGERY.

Where an indictment contains four counts, and the jury find the accused guilty as to the three last, the verdict is sufficient to warrant a judgment. Swinney v. State, supra 376, cited and approved.

Evidence of a supposed attempt, by the defendant, three years previous to the trial, and the finding of the indictment, to utter forged bank notes, is illegal evidence on the trial of an indictment for a similar offense.

Where a party is found guilty on three counts of an indictment, and acquitted upon one, and a new trial granted, the new trial should be had upon the three counts on which he was found guilty.

Error to Lowndes circuit court. ROGERS, J.

The plaintiff in error was indicted in the court below, at the April term, 1846, for forgery. The indictment contained four counts: 1st. "Making and forging a promissory note, commonly called a bank bill," reciting the same, "with intent to defraud the Bank of the State of North Carolina;" 2nd. With "uttering and publishing as true, a forged promissory note, commonly called a bank bill, with intent to injure and defraud the Bank of the State of North Carolina," reciting the same; 3rd. With "having in his possession a forged promissory note of the Bank of the State of North Carolina with intent to utter and publish the same, knowing it to be forged." The fourth count was similar to the third.

The defendant demurred to the indictment, because the defendant's christian name was not set out; it did not conclude against the form of the statute, and was not a common law offense; it did not allege that the Bank of the State of North Carolina was a corporation or a company, by the laws of the United States, or of this state, or of any other state, government or country, the forgery of which is made punishable by the laws of this state, etc. No disposition appears to have been made of this demurrer. At the October term, 1846, the defendant was arraigned, pleaded

guilty, and was convicted on the second, third and fourth counts of the indictment. The defendant moved in arrest of judgment, on the grounds, 1st. Because the court permitted improper evidence to go to the jury. 2d. Because the jury found contrary to the law and evidence. 3d. Because there was no finding or verdict on, or disposition made of the first count in the indictment. 4th. Because the indictment was insufficient in law, and will not support a judgment of the court for errors apparent upon the face of the record. 5th. Because the record does not show that any such bill of indictment was ever returned into court by the grand jury a true bill as to three counts, upon which the defendant has been found guilty by the jury. The court overruled the motion, to which the prisoner excepted ; and filed his bill of exceptions, and sued out a writ of error to this court to have the judgment of the court below reversed.

In the bill of exceptions it is stated that Orrall Brown testified that about three years before the trial, defendant passed to him, in Columbus, Mississippi, some money in bills, purporting to be on the Northern Bank of Kentucky ; that afterwards, suspecting that the bills were not genuine, he followed the defendant to Aberdeen, and requested him to give him other money for them, which he did ; stating at the same time, that he, defendant, supposed the bills to be genuine. Witness did not know whether the bills were genuine or not. The defendant objected to this evidence going to the jury, but the objection was overruled by the court, and the opinion of the court excepted.

The prisoner was sentenced to ten years' imprisonment in the penitentiary.

*Harris & Harrison* for plaintiff in error.

1. The name of the prosecutor is not marked upon the indictment. 3 How., 27, 433.

2. The sentence does not set forth the time from whence the imprisonment shall date. Kelly & Little v. State, 3 S. & M., 518.

3. The sentence is for forgery; of which offense the prisoner was not convicted. This is the only offense mentioned, and being expressly referred to, necessarily excludes any other.

4. The bills offered in evidence were variant from those set

out in the indictment.    None of the precedents set out the forged instrument in that way.    See 3 Chitty Cr. Law, 1065, 1071, 1072, 1075 ; Archb. Cr. Pl., 351, 353 ; 8 Leigh, 733.

5. The judgment should be reversed because there was no disposition made of the demurrer to the indictment.

6. The return expressly limits their finding to the offense of forgery.

7. The motion in arrest should not have been overruled.

In the present case the verdict is partial and the judgment of the court is general.    There was no evidence of any kind to support the conviction upon the third and fourth counts, or that the prisoner ever saw, or had anything to do with the bills described in said counts.    The testimony only relates to one particular bill.

The first count cannot support the judgment because the jury did not find upon it.    The second count cannot because it is bad.    It does not bring the offense within the statute.    It does not allege that it was a " negotiable " note, issued, or purporting to have been issued, by a " corporation " or company duly authorized by the United States, or one of the states, or where the corporation was situated.    The People v. Davis, 21 Wend., 309 ; How. & Hutch., 705, § 36.

There is the same objection to the third and fourth counts. The indictment should be certain not only to a common intent, but against every intendment to the contrary.

*J. D. Freeman*, attorney general.

1. The crime of forgery is a felony and is punishable as such. How. & Hutch., 726, § 24.

2. The statute provides that it shall be the duty of the district attorney to mark on all bills of indictment the name of the prosecutor ; How. & Hutch. Dig., 669, § 30 ; but no penalty is attached for the neglect of this duty.    The object of the statute is to protect the state against frivolous prosecutions ; and in cases of inferior offenses to tax the prosecutor with costs.    How. & Hutch., 600, § 5.    No penalty is attached to a neglect of this duty by the grand jury, and, as the common law provides no remedy, the statute is merely a direction to the grand jury, which they may disregard with impunity.    5 Rand., 669.

3. A presentment is a bill charging a criminal offense against one or more individuals preferred on the volition of the grand jury alone, and is only signed by their foreman. 1 Chitty Cr. Law, 162. An indictment is a criminal prosecution, based on the written accusation of either a private or a public prosecutor, and preferred by the grand jury, and by them endorsed on the back "a true bill" and returned into court. Archb. Cr. Pl., 589 ; 2 Hawk. P. C., ch. 25, § 1 ; 1 Chitty Cr. Law, 324 ; 5 Rand., 674.

4. The law does not require impossibilities, and if there were no private prosecutor the district attorney would not be authorized to mark one on the indictment. This court will presume that the proceedings of the court below are correct unless the contrary is shown. The presumption of law, therefore, is that there was no private prosecutor. It is not essential to the validity of an indictment, or presentment, that the same should be signed by the district attorney. 1 Chitty Cr. Law, 324, note a. The constitution of the United States requires only that an indictment, or presentment, shall be preferred by a grand jury. Art. 7, § 5. The statutes of this state do not require the district attorney to sign his own name to any presentment or indictment. He is simply required to "appear and prosecute for the state, in their respective districts, in all criminal prosecutions," (How. & Hutch., 278,) "and to attend the deliberations of the grand jury," etc., "and give them the necessary information touching the law and the facts of each case," etc. Laws of 1844, 91. If, therefore, the district attorney signs his own name to an indictment, it is a voluntary act, and an assumption of the responsibility of the prosecution. It is well settled by adjudications in other states, on legal principles alone, that the failure to have marked on it the name of the prosecutor, does not vitiate the indictment. See 5 Randolph, 669. At common law an indictment could only be quashed for a defect appearing in its caption, or on the indictment. The name of the prosecutor, under our statute, forms no part of the caption, or of the indictment.

5. The sentence of the court, even if admitted to be defective in not stating the time from which the imprisonment is to commence, does not affect the verdict, for the defendant will be re turned to the circuit court for a re-sentence.

6. The motion in arrest of judgment was properly overruled. See 1 Wheeler's Cr. Cases, 195 ; 2 Binney, 332 ; 3 Johns., 299 ; Roscoe Cr. Ev., 462.

7. The prisoner pleaded not guilty, which was a waiver of the demurrer undisposed of ; and it disposed of the demurrer as effectually as if the court had sustained or overruled it.

8. The statute continues all cases undisposed of, without any order of the court.

THACHER, J. :

This is an indictment preferred by the grand jury of Lowndes county against A. Morris, charging him in four counts : 1st. With the forgery of a bank-note of the Bank of the State of North Carolina.    2d. With uttering and publishing as true a forged bank-note of the Bank of the State of North Carolina. 3d. With having in his possession certain forged bank-notes of the Bank of the State of North Carolina, with the intent to utter the same.    4th. Comprising allegations, similar to those of the third count.

The verdict of the jury was, that the prisoner was guilty upon the second, third and fourth counts, without an express finding upon the first count.

The objection to this verdict, that it is imperfect in not containing an express finding upon the first count, was examined in the case of Joel Swinney v. The State, *ante*, 576.    And, in that case, we held that such a finding was sufficient to warrant a judgment, and that it should be considered as tantamount to an acquittal upon the first count.[1]

In regard to the evidence adduced upon the trial, it is observable that, while the fourth count charged the defendant with having in his possession, with the felonious intent to utter, a bank-note of the Bank of the State of North Carolina numbered "417," and, while a note of that description was presented in evidence to the jury, there was no proof adduced, that the note

[1] Bishop Cr. Law, 850 ; State v. Tweedy, 11 Iowa, 350 ; Brennan v. People, 15 Ill., 511, 517 ; Stoltz v. People, 4 Scam., 351 ; Brooks v. State, 3 Humph., 25 ; Weinzorpflin v. State, 7 Blackf., 186 ; Kirk v. Commonwealth, 9 Leigh, 627.    *Contra* : State v. Sutton, 4 Gill, 494.    See also, 1 Bishop Cr. Procedure, 837 ; 1 Stark. Cr. Pl., 346–350 ; United States v. Tweedy, 1 McLean, 429 ; Jones v. State, 13 Texas, 168 ; State v. Smith, 5 Day, 175 ; Wharton Am. Cr. Law, 431, and cases.

was found in the possession of the defendant, and yet the jury found a verdict of guilty on that count.

An objection, taken to the verdict and judgment, is urged, that the court permitted improper evidence to go to the jury, and in looking through the record, we find that the court permitted evidence to go to the jury, of a supposed attempt by the defendant, three years previously to the trial and the finding of the indictment, to utter some forged bank-notes of the Northern Bank of Kentucky. This was manifestly illegal evidence,[1] besides having a strong tendency to prejudice the minds of the jury against the defendant.

Upon the whole, we think the plaintiff in error entitled to a new trial, which must be confined to the second, third, and fourth counts, he having been acquitted upon the first count.[2] Campbell v. The State, 9 Yerg., 333; 1 Chitty C. L., 637.

Judgment reversed, and new trial awarded.

[1] Wharton Am. Cr. Law, 1457; ib., 631-2-3-4-5; ib., 639, 647-8-9, 712, and cases cited.

[2] Wharton Am. Cr. Law, 550; State v. Morris, 1 Blackf., 37; Esmon v. State, 1 Swann, 14; State v. Kittle, 2 Tyler, 471; Wharton Am. Cr. Law, 3056-7-8, 3230.