# JOSEPH L. KEEDY

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. BILL OF EXCEPTIONS—*motion to quash indictment.* The propriety of the ruling of the court below in overruling a motion to quash an indictment upon the ground the grand jury was not properly constituted, can not be raised in this court, where the record fails to show that the affidavits heard were all the proofs made, or that any exception was taken to the ruling of the court.

2. CRIMINAL LAW—*finding guilty as to one count only.* The finding of a defendant guilty as to one count only of an indictment, without any finding as to the other counts, is equivalent to a verdict of not guilty as to such other counts.

3. SAME—*judgment as to place of imprisonment.* It is error, in rendering judgment in a criminal case, to designate the jail of another county as the place of the defendant's imprisonment.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

This was an indictment against Joseph L. Keedy for selling intoxicating liquor to minors.

Mr. Anthony Thornton, for the plaintiff in error.

Mr. James K. Edsall, Attorney General, for the People.

Mr. Justice Dickey delivered the opinion of the Court:

It is insisted that the circuit court erred in overruling the motion to quash the indictment, and this upon the ground that the grand jury were not properly constituted. The record does show that a motion to quash was made and overruled, and that certain affidavits were read upon the hearing of the motion. The record, however, does not show that these affidavits were all the proofs heard on the motion, nor is it anywhere shown that any exception was taken to the ruling of the court in refusing to quash the indictment. Plaintiff in error can not raise the question upon this record, even as amended.

There were four counts in the indictment. The verdict finds plaintiff in error guilty on one count, but is silent as to the other counts. This, by operation of law, is equivalent to a verdict of not guilty as to the other three counts. This record would be a complete protection for the plaintiff in error against any subsequent prosecution for any of the offenses charged in any of these counts.

It was error to render judgment designating the jail of another county as the place of imprisonment of plaintiff in error.

For this error the judgment must be reversed, and the cause remanded for a proper judgment upon the verdict.

*Judgment reversed.*