JOHN LOGG ET AL.

v.

THE PEOPLE.

1. INDICTMENT—RIOT—TWO CONVICTIONS—RESULT IN AN ACQUITTAL.
—The two plaintiffs in error and William Logg were indicted for riot. The first and second counts charged distinct offenses. A *nolle* was entered to the third count. At the February term, 1879, trial upon first and second counts; verdict guilty on second count; judgment on verdict, and fine of $50 against both defendants. Case taken to Supreme Court and judgment reversed. At February term, 1880, put on trial without new arraignment ; verdict finding James and John guilty as charged in the *first* count, and William not guilty, *held:*

2. EFFECT OF VERDICT ON FIRST COUNT.—That the effect of the first verdict was to put the first count as completely out of the indictment as though such count had never been found by the grand jury.

3. PLEA OF FORMER ACQUITTAL.—That the defendants could take advantage of the verdict upon the former trial without pleading an acquittal of the offense charged in the first count. If a new indictment were found, such plea might be necessary in order to identify the accused and the offense charged, but these reasons do not exist where the defendants are re-arraigned upon the same indictment.

4. SECOND CONVICTION VOID.—The jury having failed to find the defendants guilty on the first count on the former trial, no issue could be formed upon it, and the verdict in the second trial being based thereon, was a nullity. The only material issue that could be submitted to the jury upon the last trial was whether the defendants were guilty as charged in the second count, and this issue not having been determined by the jury before its discharge, the defendants are entitled to their discharge.

5. THE COURT MAY DISCHARGE THE JURY WITHOUT RELEASING DEFENDANT.—Where an obvious necessity arises from some matter occurring during the trial, that could not be foreseen or prevented, for discharging the jury, the court has the power to discharge them without releasing the defendant, even though such action be taken against his objection, but this can only be done in cases of necessity.

6. FELONIES AND MISDEMEANORS.—That there is no distinction in this respect in this State between felonies and misdemeanors.

ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed April 6, 1881.

The plaintiffs in error with one William Logg, were indicted

at the October term, 1877, of the Knox Circuit Court for riot. The first count of the indictment charged that the defendants having a common cause of quarrel, unlawfully assembled with intent to, and of assaulting one Amos Means.

The second count charged an assault upon Martin Lowry and Amos Means, and the third count an assault upon one James S. Hallett. At the February term, 1879, of said court, the defendants pleaded not guilty, and were put upon their trial under the first and second counts of the indictment, the States' Attorney having entered a *nolle prosequi* as to the third count. Upon this trial, the following verdict was returned by the jury : " We, the jury, find the defendants guilty in manner and form as charged in the second count of the indictment." The defendants entered their motion for a new trial, which was overruled by the court and a fine of $50 each imposed upon them. The record was removed by the defendants to the Supreme Court, by writ of error, and the judgment of the circuit court was reversed at the September term, 1879, and the cause remanded : 92 Ill. 598.

At the February term, 1880, of said circuit court, the deendants were again placed upon trial without being again arraigned, and the jury returned the following verdict: " We, the jury, find the defendants, John Logg and James Logg, guilty of riot in manner and form as charged in the first count of the ndictment;" "We, the jury, find the defendant, William Logg, not guilty. "

This verdict was accepted by the court and the jury discharged; thereupon the plaintiffs in error entered a motion for a new trial, but subsequently withdrew it and entered a motion in arrest of judgement, which was overruled and a fine of $50 each imposed upon them by the court.

They bring the record to this court by writ of error, and assign for error the action of the court in overruling the motion in arrest of judgment, and in entering judgment upon the verdict of the jury.

Messrs. WILLIAMS & LAWRENCE, for plaintiffs in error ; that the verdict of the jury on the former trial was a full and final

acquittal of the defendants upon the first count of the indictment, cited Cooley's Cons. Lim. 2d, 328 ; Stolz v. The People, 4 Scam. 169 ; Chambers v. The People, 4 Scam. 356 ; Barnett v. The People, 54 Ill. 325 ; Keedy v. The People, 84 Ill. 570; Brennen v. The People, 15 Ill. 511 ; Campbell v. The State, 9 Yerger, 333; Bell v. The State, 48 Ala. 691 ; State v. Ross 29 Mo. 48 ; State v. Kastleman, 35 Mo. 105.

That the finding of the jury was an absolute acquittal, and it was not necessary to plead it specially : Stoltz v. The People, 4 Scam. 169 ; Chambers v. The People, 4 Scam. 356 ; Keedy v. The People, 84 Ill. 570 ; Bishop's Crim. Procedure Sec. 826, second ed.

If there was any fault, it was on the part of the State in omitting to arraign the prisoner a second time : State v. Martin, 30 Wis. 217 ; Jones v. The State, 13 Texas, 185.

That plaintiffs in error were not estopped to avail themselves of the benefit of the former acquittal : 10 Central Law Journal 201 ; Bigelow on Estoppel 369, 473, 561, 600 ; Thomas v. Bowman, 29 Ill. 426 ; and 30 Ill. 85 ; Knoebel v. Kiecher, 33 Ill. 308 ; Smith v. Newton, 38 Ill. 230.

Mr. I. I. Tunnicliff, State's Attorney, for plaintiff in error ; that the evidence justifies the verdict and the court will not disturb it, cited Blowley v. The People, 28 Ill. 20 ; Schmit v. The People, 23 Ill. 29 ; Newkirk v. The People, 18 Ill. 449 ; Hardy v. The People, 56 Ill. 155.

That the plaintiff in error should have plead former acquittal: Henry v. The State, 33 Ala. 389 ; Foster v. The State, 29 Ala. 229 ; The State v. Hodgkins, 42 N. H. 474 ; Crosker v. State, 47 Ga. 568 ; Freeland v. The People, 16 Ill. 381; Grudel v. People, 43 Ill. 226 ; McQuoid v. The People, 3 Gilman, 76 ; Douglas v. Wickwire, 19 Com. 489 ; Coan v. Goddard, 13 Mass. 455 ; 1 Bishop. Crim. Proced. Sec. 816.

The judge may influence the verdict, he cannot pronounce it: Nonemaher v. State, 34 Ala. 211; Rex. v. Roothe, 1 Leach, 160; 1 Am. Criminal Law, Sec. 538; Hill v. The State, 2 Yerg. 248; The State v. Copeland, 2 Scam. 662. .

In cases of misdemeanors the plea may be entered by counsel

without arraignment : Johnson et al. v. The People, 22 Ill. 315.

The jury when they retire to consider of their verdict must be in charge of a sworn officer : McIntyre v. The People, 38 Ill. 514.

PILLSBURY, J.   The first and second counts of the indictment, upon which the defendants were first tried, being for distinct offenses, a verdict of guilty upon the second count only was equivalent in law to a verdict of not guilty upon the first count.   Stolt v. The People, 4 Scam. 168; Keedy v. The People, 84 Ill. 569.   And unless such verdict of acquittal should be set 'aside at their instance they could not be, again placed in jeopardy for the same offense.   Brennan et al. v. The People, 15 Ill. 511; as the legal effect of the verdict of acquittal, whether any judgment was rendered on it or not, was to bar any further prosecution for that offense.   Mount v. The State, 14 Ohio, 295; Hunt v. The State, 25 Miss. 378; Brennan v. The People, *supra.*

In making the motion for a new trial, they were not complaining of the verdict of the jury upon the first count of the indictment as they had been acquitted upon that, but their contention was that the jury had unlawfully found them guilty upon the second count ; and when they sued out their writ of error from the Supreme Court, it was for the purpose of reversing the judgment of the court below in sentencing them to pay a fine for the commission of the offense charged in said second count. The People, not being allowed a writ of error under the statute, could not obtain a reversal of acquittal upon the first count, and it is not to be presumed that the plaintiffs in error in that case sought to reverse the verdict so far as it was in their favor, and the opinion of the Supreme Court, 92 Ill. 598, sufficiently shows that no attempt was made in that direction.

The legal effect of the first verdict, was to put the first count as completely out of the indictment and case, as though such count had never been found by the grand jury.   Mount v. State, 14 Ohio, 295 ; Shephard v. People, 24 N. Y.406 ; State

Logg v. The People.

v. Martin, 30 Wis. 223 ; People v. Gilmore, 4 Cal. 376 ; Hunt v. State, 25 Miss. 378 ; Campbell v. State, 9 Yerger, 333; Jones v. State, 13 Texas, 168 ; State v. Ross, 29 Mo. 32 ; Morris v. State, 8 S. & M. 762.

In Esmon v. The State, 1 Swan, the defendant was indicted for mayhem, the indictment containing two counts, and upon trial was convicted on the second count, and found not guilty upon the first, and a new trial being granted on his motion, was put upon trial again on both counts, with a verdict of guilty upon both.   Error being brought, it was held that the trial court erred in putting the prisoner upon trial again on the first count, as he had at the previous trial been acquitted of the offense therein charged.

In Campbell v. The State, 9 Yerger, 334, the defendant was put upon trial for larceny, and for receiving stolen goods, on an indictment containing three counts, and was convicted upon the second count and acquitted on the others.   The verdict was set aside on his motion, and being again put upon trial, he was found guilty as charged in the third count, and not guilty on the first and second.   A motion in arrest of judgment was overruled and sentence pronounced against him agreeably to the finding of the jury.   It was held upon error that the court erred in not arresting the judgment, and the defendant was discharged.

State v. Kattleman, 35 Mo. 106, is also in point.   Kattleman was tried for forgery upon an indictment containing five counts, and found guilty on the first.   A new trial being awarded he was again tried on the whole indictment, and found guilty upon the first and third counts, and sentenced. The judgment was reversed for the error of the court in putting the defendant on his trial upon those counts whereon he had been acquitted at the previous trial.

The defendants in Bell and Murray v. The State, 48 Ala. 684, were tried upon an indictment charging them with burglary and grand larceny, in different counts, found guilty of the burglary and sentenced upon the verdict.   The Supreme Court awarded a new trial and remanded the cause. They were put upon trial again upon all the counts in the in-

dictment and found guilty of the larceny as charged. The court sentenced them after overruling a motion in arrest of judgment and they prosecuted a writ of error. The Supreme Court reversed the judgment and discharged the defendants, holding that the charge of larceny, by the first verdict was put entirely out of the case, and that it was error to compel the defendants to again answer that charge.

And the decided weight of authority is in favor of applying the same rule where a party has been tried upon a single count containing within its terms two or more grades of offenses and the jury return a verdict of guilty of the minor offense. In such cases the verdict is held an acquittal of all the offenses charged above the grade of that specified in the finding of the jury, and upon a new trial being had, the defendant can only be required to answer the charge of which he was convicted. Wharton's Cr. Pl. and Pr. 8 Ed. §§ 465–459 ; Brennan v. The People, *supra ;* Barnett v. The People, 54 Ill. 325; State v. Martin, 30 Wis. 223.

The point is made by the attorney for the People, that in order for the defendants to avail themselves of the advantage of the verdict upon the former trial, they should have pleaded *autrefois acquit* of the offense charged in the first count. An examination of the authorities will show that the practice has not been uniform when the second trial has been had in the same cause, and upon the same indictment.

In some of the cases it appears such plea was interposed, in others not, but in all the cases where no such plea was pleaded we have found none where the defendant has been deprived of the benefit accruing to him by such acquittal.

Where a new indictment is preferred after acquittal upon a former one, there are good reasons for such plea, for it is essential that the identity of the accused and the offense charged should be established as facts upon the trial.

These reasons, however, do not exist when the defendants are re-arraigned upon the same indictment and record for a new trial, for there in contemplation of law, and we might say of fact also, the whole record is before the court for its in-

spection, and no question can be made that it is not the same charge, and no proof is required to establish the identity of the defendant.   It would, therefore, seem that according to the rules of pleading, no necessity exists for a special plea in bar in such case.   As we understand the rule, when it is desired to spread before the court, and make them a part of the record, facts *aliunde* the record, in defense as a bar to the further prosecution of the cause, then it must be done by special plea, but where the facts relied upon in defense fully and conclusively appear from an inspection of the record then before the court, no such plea is or should be required.   In this case the State's Attorney would hardly insist that the defendants should upon the second trial have called the attention of the court, by special plea, to the fact that a *nolle prosequi* had been entered to the third count prior to the former trial ; and yet, such order entered upon motion of the people, was no more a part of the record nor of greater force than the verdict of the jury acquitting the defendants of the offense charged in the first count.   In fact, both counts were out of the case at the time of the second trial, the first by verdict, the third by dismissal.   The only charge remaining in the indictment upon which the defendants could be re-arraigned was that embraced in the second count, upon which their former conviction was based.   It is also suggested that it is legally impossible that two convictions can be equivalent to an acquittal.   This is not so paradoxical as the statement of the proposition would seem to indicate.

The fallacy of the suggestion consists in the assumption that there have been two convictions.   As we have seen, the verdict in the former trial completely eliminated the first count of the indictment from the record.   If this be correct, then no issue could be formed upon it, and the verdict in the second trial being based thereon, was a nullity and furnished no sufficient foundation for the sentence pronounced by the court.

The only material issue that could be submitted to the jury upon the last trial, was whether the defendants were guilty as charged in the second count of the indictment, and this issue should have been determined by them before they were dis-

charged, as it is evident from the verdict actually rendered there was no difficulty in their agreeing upon a verdict on said second count.

That the acceptance of such verdict and the discharge of the jury under such circumstances, entitles the defendants to their discharge is clearly established by the authorities above cited, and perhaps it may be said that those decisions rest upon the ground that the jury have been discharged by the court, there being no necessity therefor, and no consent of the prisoner being had, without having determined the only issue in the case.

Where an obvious necessity arises from some matter occurring during the trial that could not be foreseen or prevented for discharging the jury, the court has the undoubted power to discharge them without releasing the defendant, even though such action be taken against his objection, as where the jury are unable to agree and longer confinement would be unreasonable, or the sudden sickness of the judge. Nugent v. the State, 4 Stewart & Porter, 72, or that of a person, Rex v. Edwards, 3 Campbell, 207, or of the prisoner, Rex v. Streek, 2 C. & P. 413 ; also, where it is discovered that a juror is incapacitated to serve, as in Stone v. The People, 2 Scam. 326, and Com. v. McFadden, 23 Pa. St. 12.

In these and kindred cases the jury can be discharged and the prisoner again put upon trial, but if no such necessity exists, and the defendant does not consent to a discharge of the jury, he is entitled to a verdict upon the first trial, and if the court should, in such case discharge the jury without a verdict, it operates as an acquittal.

We also cite the following authorities to this point. Weinzorpflin v. The State, 7 Blackford, 186; Wright v. The State, 5 Ind. 290; Mahala v. The State, 10 Yerg. 536 ; McCauley v. The State, 26 Ala. 135 ; Hines v. The State, 8 Humphreys, 597 ; State v. Poage, 3 Ohio St. 239 ; Commonwealth v. Williams 2 Grattan 570 ; Grant v. The People, 4 Parker C. C. 527 ; State v. Reynolds, 3 Kelly, 60.

The decisions thus holding, it is true, have generally been made in cases of felony, but we are of the opinion that, in this State no distinction can be made, in this regard, between fel-

Logg v. Th People.

onies and misdemeanors, as the declaration in our bill of rights, § 10 Const. of 1870, that, "no person shall be twice put in jeopardy for the same offense," is sufficiently comprehensive to include any violation of the criminal law of the State, the word "offense" applying alike to all crimes of whatever grade.

In the Constitution of the United States, and in most of the States of the Union, as well as in those of 1818, and 1848, of this State, this guarantee of personal liberty is somewhat different in its phraseology, being substantially that, "no person shall for the same offense be twice put in jeopardy of *life or limb*." And it has been thought by some that such prohibition only extended to felonies, as it could not be said that a person who had committed a less offense than that of felony was placed in jeopardy of life or limb. If there could be any doubt regarding the proper construction of such clause in our prior constitutions, we think all such have been effectually removed by the words of the present one.

On the other hand, however, if the last verdict should be treated as having any validity, it operated as an acquittal of the defendants upon the second count, for the reasons stated in a former part of this opinion, and taken in connection with the former verdict an acquittal on the whole indictment.

The defendants cannot be deprived of the benefit of the verdicts acquitting them, because the people have obtained two convictions, the first of which has been pronounced erroneous, and the last being equally erroneous if not void.

Whether, therefore, the finding of the jury in the last trial is tantamount to an acquittal upon the second count, or treating it as void, and the jury being discharged without any finding, the results under the facts in this record must be the same —the entire acquittal of the defendants of the offenses charged in the indictment.

The judgment of the court below must be reversed, and an order will be entered in this court discharging the defendants.

Judgment reversed and defendants discharged.