JOSEPH J. HUDSON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Intoxicating Liquors—Sale to Person in Habit of Getting Intoxicated—Twice in Jeopardy—Irregular Verdict—Waiver.*

1. Where a verdict against a defendant is so defective as to be a nullity, and it is set aside and a new trial awarded at his instance, he may be again tried on the original indictment.

2. The defendant may waive his constitutional privilege, and a motion by him to set aside a fatally defective verdict will amount to such waiver.

3. A verdict on an indictment containing six counts in the words, " We, the jury, find the defendant guilty, four counts," is fatally defective.

[Opinion filed October 19, 1888.]

APPEAL from the County Court of Franklin County; the Hon W. J. N. MEYERS, Judge, presiding.

Messrs. F. M. YOUNGBLOOD and R. H. FLANNIGAN, for appellant.

Mr. W. S. CANTRELL, State's Attorney, for appellees.

GREEN, P. J. The appellant was tried in the County Court of Franklin county at the August term, 1886, on an indict-

ment certified from the Circuit Court, containing six counts, in five of which he is charged with selling intoxicating liquors to A. D. Weston, a person in the habit of getting intoxicated, and in the sixth and last count he is charged with selling intoxicating liquor to said Weston, then intoxicated, and the jury returned the following verdict: "We, the jury, find the defendant guilty, four counts of the indictment." At the same term, on motion of defendant, a new trial was awarded. At the February term, 1887, defendant filed his motion to be discharged, in which he sets up the proceedings at said August term, and as reasons for his discharge, says that the court can not again place him on trial on said indictment, because he was acquitted as to two counts in said indictment, and the jury failed to specify in their verdict on which counts of said indictm nt they found him guilty, and on which counts they acquitted him; but at the August term, 1887, notwithstanding this motion, and against his objection then again made, defendant was again put on trial on the first five counts, and the State's Attorney entered a "*nolle pros.*" as to the sixth count of said indictment. It was stipulated on behalf of defendant and the people that the evidence offered on the trial at the August term, 1887, showed satisfactorily that said A. D. Weston was a man in the habit of becoming intoxicated at the times mentioned in said indictment, and the bartender of defendant had sold him intoxicating liquors some five or six times within eighteen months prior to the finding of said indictment, and the jury found defendant guilty in first, second, third, fourth and fifth counts of the indictment; whereupon defendant filed his motion for new trial, and in arrest of judgment, which were overruled by the court and judgment entered against defendant for fine of $20 on each of said counts, and costs. To reverse this judgment defendant took this appeal, and his counsel submits these two questions as the only ones to be determined by this court: 1. "Can a defendant who has been tried on an indictment containing six counts, and a verdict rendered in the following words, 'We, the jury, find the defendant guilty, four counts,' and a new trial granted, be again put upon trial on the same indictment and a conviction on five counts sustained?"

2. "Did not the first trial and verdict operate as an acquittal absolutely on two of the counts in said indictment, and if so, could the court again place the defendant on trial on said indictment, there being no possible mode by which the court could determine which counts in the indictment the defendant had been acquitted upon?"

The verdict of the jury at the August term, 1886, was so defective that no judgment of conviction on any particular counts of the indictment could have been entered; hence it was a nullity, and defendant filed his motion to set it aside and for a new trial, which was sustained by the court and a new trial awarded. Such being the facts, the questions submitted must be determined by the rule announced in decisions of our Supreme Court and in the decisions of other courts of last resort, cited in text books, in cases where the facts and proceedings were the same as here; and any claim for the discharge of appellant must be based upon the declaration in our bill of rights, Sec. 10, Constitution of 1870, "that no person shall be twice put in jeopardy for the same offense." The jeopardy mentioned must be such in legal contemplation, and the constitutional privilege may be waived by one charged with an offense. In Lane v. People, 5 Gilm. 305, the court say, the judgment will be reversed at the instance of the prisoner and he will not in legal contemplation have been in jeopardy and may again be indicted and put on his trial for the same offense. The same doctrine is announced in Gerhard v. People, 3 Scam. 362; Bedee v. People, 73 Ill. 320; Phillips v. People, 88 Ill. 160; and in the treatises of many eminent writers on the subject of criminal law. The conclusion reached by us after an examination of authorities is, that the verdict at the first trial being a nullity, on which no judgment could be rendered, and having been set aside and a new trial awarded at the instance of defendant, he was not in contemplation of law in jeopardy, and could be tried again on the same indictment. In Law v. People, 1 Scam. 414, on the first trial a verdict of guilty was rendered against defendants, but the verdict was so defective that no judgment could be entered upon it; defendants moved for a new trial, but withdrew the motion before any adjudica-

tion on it, and filed a motion in arrest of judgment, which the court overruled and set aside the verdict. Defendants were put on trial again on the same indictment and found guilty, their motion in arrest of judgment was overruled, judgment was entered on the verdict and the record taken to the Supreme Court, and it was there held the Circuit Court did not err in setting aside defective verdict, awarding new trial and putting defendants on trial again.

The defendant waived his constitutional privilege by the granting of his own motion and setting aside the defective verdict of the first jury at his instance. 1 Wharton, Criminal Law, Sec. 591; 3d Ibid., Sec. 3175; 1 Bishop, Criminal Law, Sec. 998. In the case of Logg v. People, 8 Ill. App. 99, cited by appellant, the court say: " The first and second counts of the indictment upon which the defendants were first tried being for distinct offenses, a verdict of guilty upon the second count only was equivalent in law to a verdict of not guilty upon the first count, and *unless such verdict of acquittal should be set aside at their instance,* they could not be again placed in jeopardy for the same offense."

The law thus stated is, as we understand it, marking clearly the distinction between cases where the verdict is set aside at the instance of defendants, and cases in which the verdict remains undisturbed.

The error in the contention on behalf of appellant is in assuming there is a verdict which, by finding defendant guilty in four counts out of six, necessarily acquits of two, when the record shows no such verdict exists, it having been set aside on appellant's motion.

We find no error in the record requiring the reversal of the judgment, and affirm the same.

*Judgment affirmed.*