# RICHARD POWERS

## v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Intoxicating Liquors—Sale of.*

1. Where a defendant goes to trial without moving for a continuance for want of time to prepare for his defense, it will be presumed that he was ready for trial.

2. The statutory requirement that upon the issuing of the venire to try a certain cause, "The court shall thereupon set such case or cases for trial," is for the convenience of the court alone. No particular time is required to be given to the defendant. The setting of the trial on the same day the venire issues is proper.

3. The fact that the verdict in a given case does not specify upon what count of the information a party was convicted cuts no figure, the verdict being a protection to the defendant against any prosecution that may be brought against him on any of the counts contained therein.

4. When an information contains two counts, one for selling intoxicating liquors to a person named while intoxicated, the other for selling, such person being in the habit of getting intoxicated, before the jury can acquit the defendant as to both charges they must have reasonable doubt that such person was intoxicated and was in the habit of getting intoxicated. An instruction in such case. setting forth that if they have reasonable doubt in either case he is entitled to be acquitted on all the counts, is erroneous.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding.

Messrs. J. M. McKEOUGH and A. W. YOUNG, for appellant.

Mr. A. B. COON, for appellee.

LACEY, P. J. The appellant was charged by the State's attorney of McHenry County, in the County Court, on six counts in the information, for sundry violations of the "Dram Shop" Act. The trial was had before a jury on the first three counts, the last three having been *nolle prosequied* by State's

attorney. Upon trial before a jury the appellant was found guilty on one count of the information, without specifying which one. Upon motion for new trial being overruled the appellant was fined $20 and a judgment rendered for costs of suit.

The three counts in the information on which appellant was tried contain the following charges:  1. That appellant sold intoxicating liquors to one Jorgus Jorgerson on the 13th of January, 1890, in the county of McHenry, said Jorgerson being then and there in the habit of getting intoxicated. 2. That appellant, on the 11th day of the same month, at the same place, sold intoxicating liquors to the same person, who was then and there intoxicated. 3. That appellant, on the 13th day of January, in the same year and in said county, sold intoxicating liquors to the same person, who was then and there intoxicated, to be drank in and upon and about the premises where sold.

Appellant relies on only three of the several errors assigned upon the record, to which he asks the consideration of the court.

First. It is insisted that the statute was violated in not, before issuing a venire for a jury, fixing a day for trial, as the statute requires, and in not giving reasonable time to defendant for trial.

Second. In the verdict, the jury committed an error in not specifying on which count of the information appellant was convicted.

Third. The court committed an error in refusing to give the following instruction, as requested by appellant's counsel, to wit: " The jury are instructed that if from the evidence in this case you have a reasonable doubt that Jorgerson was intoxicated, or was in the habit of getting intoxicated at the time of the alleged sales of liquor to him, then the jury should find for the defendant." As to the first error assigned, there can be no reasonable ground for complaint. The complaint was filed February 27, 1890. The appellant was arrested and released on bail April 7, 1890, and tried November 10, 1890. It appears that on the latter date the State's attorney entered

a motion for a venire of twelve jurymen to issue to try this cause; that the court granted the motion, ordered the venire issued, which was done, and the jury returned on the same day. This we think was in accordance with the statute, which only provides that upon issuing the venire " the court shall thereupon set such case or cases for trial." No particular time is required to be given to the defendant. This requirement is for the convenience of the court alone. The setting of the trial on the 10th, the same day the venire issued, was proper; the defendant went to trial without making any motion for a continuance for want of time to prepare for his defense; therefore there can be no presumption that he was not ready. The next point is that the verdict was informal and improper, for the reason it was not specified on which count the conviction was had. In Keedy v. The People, 84 Ill. 569, the court say, in answer to a similar objection as is made to this verdict, that " this (verdict of the jury), by operation of law, is equivalent to a verdict of not guilty as to the other three counts. This record would be a complete protection for the plaintiff in error against any subsequent prosecution for any of the offenses charged in any of the three counts." So, in this case, the verdict would be a protection to the appellant against any prosecution that might afterward be brought against him on any of the three counts contained in the information. See Stoltz v. People, 4 Scam. 168. The next and last complaint is the refusal of the court to give the desired instruction above quoted. It would have been clearly error on the part of the court to have given that instruction. There were two counts in the information. One was selling intoxicating liquor to Jorgerson while intoxicated. Another one was in selling similar liquors to him, he being in the habit of getting intoxicated. Before the jury could acquit Powers as to both of these charges, they must have reasonable doubt that Jorgerson was intoxicated, and also reasonable doubt that he was in the habit of getting intoxicated. The instruction, however, tells the jury that if they have reasonable doubt in either case, then he is to be entirely acquitted on all the counts. The jury might have had reasonable doubt as to whether Jorgerson was in the

state of intoxication when the liquor was sold to him by appellant, and not any doubt whatever that he was in the habit of getting intoxicated, and *vice versa.*

The instruction was in the alternative, and failed to cover all the charges in the indictment. If it had been added to the instruction after the words, "the jury should find for the defendant on those counts in the indictment where it has any reasonable doubt of the sufficiency of the evidence," then the instruction would have been proper; as it was it was erroneous. Having considered all the objections against the rightfulness of the conviction in this case, we find no error in the record. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*