FREDERICK A. YOUNG

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT FOR ASSAULT WITH, ETC.—VERDICT FOR ASSAULT AND BATTERY.—An assault with a deadly weapon, with intent, etc., may be complete without a battery, and an indictment for the former offense will not support a verdict for the latter, unless it also is included in the terms of such indictment.

2. ASSAULT AND BATTERY.—Under the present Constitution, circuit courts have original jurisdiction of criminal cases of assault and battery.

ERROR to the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding. Opinion filed June 17, 1880.

Mr. F. W. YOUNG, *pro se;* that circuit courts have not original jurisdiction in cases of assault and battery, cited Ferguson v. The People, 11 Chicago Legal News, 201.

PLEASANTS, J. This was an indictment against the plaintiff in error under the statute, for an assault with a deadly weapon, with intent to commit a bodily injury. The jury found him guilty of an assault and battery, and fixed the amount of the fine at $25, which amount was imposed by the judgment of the court.

Upon the errors assigned it is urged that this verdict is illegal, and so cannot support the judgment for two reasons:

First, That the jury had no authority to fix the fine, which is true. R. S., 1877, Chap. 38, § § 444–7; but being unauthorized, that part of the verdict is to be treated as surplusage, which will not vitiate the other if the latter by itself is legal; and furthermore the court which had power to fix the fine, was at liberty to adopt for its judgment the amount found by the jury. Armstrong v. The People, 37 Ill. 459.

Second, That the Circuit Court had no original jurisdiction of a criminal case of assault and battery, and hence no indictment there found could support a conviction for that offense.

Such undoubtedly was the law under the former statute, which consistently with the Constitution of 1848 gave to justices of the peace exclusive original jurisdiction of cases of assault and battery "in which the People were plaintiffs." But § 12 of Art. 6 of the Constitution of 1870, declares that "the circuit court shall have original jurisdiction of all causes in law and equity." The criminal offense of assault and battery duly charged is clearly a case at law.

The statute now in force giving jurisdiction of it to justices of the peace, does not purport to make it exclusive. R. S. 1877, Chap. 38, § 381. If it did it would be without force in that respect, since the Legislature has no power to abridge the jurisdiction of the circuit courts expressly conferred by the Constitution. Myers v. The People, 67 Ill. 503; Mapes v. The People, 69 Id. 527.

The opinion in the late case of Ferguson v. The People, II Chicago Legal News, 201, so far as it relates to this question, seems to us to be in conflict with the provision of the Constitution and cases above cited, and we are therefore not yet prepared to follow it.

If, then, the indictment here necessarily included in its terms the offense found, we should have no hesitation in holding it sufficient to support the verdict. Carpenter v. The People, 4 Scam. 198; Beckwith v. The People, 26 Ill. 503.

But it is manifest that the misdemeanor described in the statute as "an assault with a deadly weapon, instrument or

other thing with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart" (Chap. 38, § 25), may be complete without a battery, as by shooting at but missing the object of the assault. An indictment for this offense, then, need not charge a battery. In this case it does not, in either of the three counts, but an assault only, with the circumstances required to bring it within the statute. An assault being a different offense from an assault and battery, (Chap. 38, §§ 20, 21, R. S. 1877; Carpenter v. The People, 4 Scam. 199,) and not necessarily including it, an indictment for the former only will not support a verdict finding the latter.

The verdict here was therefore unlawful under this indictment, and it was error to render judgment upon it; for which error said judgment is reversed and the cause remanded.

Reversed and remanded.

PILLSBURY, J., took no part in the decision of this case.