## ABRAHAM L. MOORE

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Assault and Assault and Battery—Indictment—Practice.*

1.  No conviction can be had in a criminal prosecution for an offense which includes some ingredient which is not necessarily included in the charge set forth in the indictment.

2.   An assault and an assault and battery are separate and distinct offenses under the statutes of this State.

3.   Where the indictment does not support the verdict and the judgment, the defendant may avail himself of the objection in this court, although neither a motion for a new trial nor a motion in arrest of judgment was made in the court below.

[Opinion filed March 20, 1888.]

IN ERROR to the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. WILLIAM C. NORCROSS and PORTER & MACDILL, for plaintiff in error.

The indictment charges in substance "an assault" with a deadly weapon upon one P. R. Parrish, with intent to inflict a bodily injury upon said Parrish, no considerable provocation for said assault then and there appearing, under Sec. 47, Chap. 38.   Upon the trial the jury found defendant "guilty of assault and battery on the person of P. R. Parrish," a distinct and separate offense under Sec. 43 of said chapter and one not included in the charge in the indictment.   Carpenter v. People, 4 Scam. 197; Reynolds v. People, 83 Ill. 479; Young v. People, 6 Ill. App. 434; Commonwealth v. White, 110 Mass. 407; State v. Myers, 19 Iowa, 517; People v. Keefer, 18 Cal. 636.

"The rule is, where an error appears in the record proper as made up by the clerk, no exception to the judgment of the court is necessary."   Randolph v. Emerick, 13 Ill. 344; Wiggins Ferry Co. v. People, 101 Ill. 446; Baker v. People, 105 Ill. 452; People v. Dragstran, 100 Ill. 286; Van Dusen v. Pomeroy, 24 Ill. 289.

Messrs. JOHN W. MATTHEWS, State's Attorney, and R. J. GRIER, for defendant in error.

The point made by plaintiff in error should have been raised in the court below upon motion for new trial or in arrest of judgment.   There is nothing in the record here, in absence of a bill of exceptions, to show such motions.   I. C. R. R. Co. v.

Palmer, 24 Ill. 43; Gill v. People, 42 Ill. 322; Graham v. People, 115 Ill. 566; James v. Dexter, 113 Ill. 654.

There being no bill of exceptions every legal presumption will be indulged in favor of the judgment of the court below. Wilson v. McDowell, 65 Ill. 522; Brown v. Clement, 68 Ill. 192; Noy v. Creed, 1 Ill. App. 557.

This court, in the absence of anything in the record to show to the contrary, may presume that a verdict for assault and battery, a less offense than that charged in the indictment, was taken by consent of defendant—an agreed verdict—to avoid the heavier punishment for the greater offense. Gardner v. Russell, 78 Ill. 292; Cochlin v. People, 93 Ill. 410.

BAKER, J.  Abraham L. Moore, plaintiff in error, was indicted, tried and convicted in the Warren Circuit Court, and judgment was rendered against him for a fine of $50 and costs. The indictment upon which he was tried, charged that he, " with a certain deadly weapon, to wit, a whip, which he, the said Abraham L. Moore, then and there held in his hand and hands, unlawfully, wilfully and maliciously did make an assault upon one P. R. Parrish, with intent then and there unlawfully and wilfully to inflict upon the person of said P. R. Parrish a bodily injury, no considerable provocation for said assault then and there appearing."  The jury returned a verdict finding him " guilty of an assault and battery on the person of P. R. Parrish," and the judgment of the court was entered upon such verdict.

The rule of law is, that where a defendant is put upon his trial for a crime which included an offense of an inferior degree, the jury may acquit of the higher offense charged, and convict of the lesser, although there may be no count in the indictment specifically charging that particular offense; but no conviction can be had for an offense which includes some ingredient which is not necessarily included in the charge set forth in the indictment.  Carpenter v. The People, 4 Scam. 197; Beckwith v. The People, 26 Ill. 500; Young v. The People, 6 Ill. App. 434.  In this case, the indictment was for an assault with a deadly weapon with *intent* to do a bodily in-

jury, and no actual bodily injury or battery was charged therein; and the verdict found the defendant guilty of the offense of an assault and battery, and the judgment of the court was for the commission of that offense. An assault and assault and battery are separate and distinct offenses under our statute. See Secs. 20 and 21 of the Criminal Code. An assault with a deadly weapon with an intent to inflict a bodily injury may be committed either with or without an actual battery; and, as we have seen, no battery is alleged in the present indictment. It follows from what has been said that the indictment did not necessarily include in its terms the offense of which plaintiff in error was convicted.

There was no necessity in this case that either a motion for a new trial or motion in arrest of judgment should have been made in the court below, and preserved in a bill of exceptions. The error here is patent and manifest upon the face of the record proper, as certified by the circuit clerk. The indictment which was returned by the grand jury does not support the verdict of the petit jury and the judgment of the court. The case is not different, in legal principle, from what it would have been, had the petit jury in this trial upon an indictment for an assault with a deadly weapon returned into court a verdict finding plaintiff in error guilty of larceny, and the court had rendered judgment thereon. Where an indictment or declaration is wholly insufficient to sustain the judgment which is rendered by the court, such ground of objection may be availed of on writ of error, notwithstanding no motion in arrest of judgment was interposed in the lower court. The judgment is reversed and the cause remanded.

*Reversed and remanded.*