Frank Hunt v. The People of the State of Illinois.

1. ASSAULT AND BATTERY—*Separate Offenses Under the Statute.*—
An assault and an assault and battery are separate and distinct offenses
under the statute. An assault is an attempt coupled with present ability
to commit a violent injury on the person of another. A battery is an
unlawful beating of another.

2. ASSAULT AND BATTERY—*A Battery at Common Law.*—At the
common law the least touching of the person of another in anger was a
battery, for, as it is said, the law can not draw the line between different
degrees of violence and therefore totally prohibits the lowest stage of it.

3. ASSAULT AND BATTERY—*Unlawful Beating Defined.*—No distinc-
tion is to be drawn between the meaning to be given the words "unlaw-
ful beating" as used in the statute, and that given the word "battery"
at common law. The latter word is defined by Blackstone to mean the
unlawful beating of another.

Memorandum.—Indictment for assault and battery. Appeal from
the County Court of Moultrie County; the Hon. TRUMAN E. AMES, County
Judge of Shelby County, presiding. Heard in this court at the Novem-
ber term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

HARBAUGH & WHITAKER, attorneys for appellant.

J. MEEKER, state's attorney, for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF
THE COURT.

The appellant, upon the verdict of a jury, was adjudged
guilty of assault and battery and sentenced to pay a fine of
$10, and the costs of the prosecution.

While there is a conflict in the evidence, yet it can not
be said but that the jury were warranted in finding that the
appellant seized the prosecuting witness twice by the right
shoulder while in anger, saying at the same time: "I will
mash your mouth."

The court, at the instance of the people, instructed the jury
as follows: "The court further instructs the jury that if they
believe, beyond a reasonable doubt, from the evidence, that
the defendant, in anger, laid his hand on Stephen Grant, or in

any manner took hold of him in anger, then the defendant would be guilty of an assault and battery, and the jury should so find."

This is complained of as error. The argument in support of the complaint is that an assault and battery is a completed assault and includes all the elements of an assault; that an assault under the statute is an attempt, coupled with a present ability to commit a violent injury on the person of another, and that assault and battery can not be committed if no violent injury is shown.

We think assault and assault and battery are separate and distinct offenses under the statute. The latter offense is defined by the statute to be the unlawful beating of another. It is urged that no unlawful beating was proven in the case at bar, and that the instruction complained of directed the jury that the offense was complete if the appellant laid his hand on the prosecuting witness in anger, which it is insisted is in no sense a "beating."

We think no distinction is to be drawn between the meaning to be given the words "unlawful beating" as used in the statute, and that given the word battery at the common law. The latter word is defined by Blackstone to mean the unlawful beating of another. 3 Blackstone's Com. 120.

At the common law the least touching of the person of another in anger was a battery, for, as it is said, the law can not draw the line between different degrees of violence, and therefore totally prohibits the lowest stage of it. Russell on Crimes, 1020; 1 Amer. and Eng. Ency. of Law, p. 783; Bishop on Criminal Law, Sec. 72. If the views we have expressed are correct, the instruction was proper and no error occurred. The judgment is affirmed.