## John Arnburg v. The People of the State of Illinois.

1. VERDICTS—*In Criminal Cases—Power of the Court Over.*—A court may set aside a defective verdict, on which no judgment can be rendered, and award a *venire facias de novo* in a criminal case.

**Indictment,** for assault with a deadly weapon. Error to the County Court of Rock Island County; the Hon. LUCIAN ADAMS, Judge, presid-

Arnburg v. The People.

ing.  Heard in this court at the May term, 1896.  Affirmed.  Opinion filed December 9, 1896.

HAROLD A. WELD, attorney for plaintiff in error.

C. J. SEARLE, State's Attorney of Rock Island county, for defendant in error.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Plaintiff in error was indicted for an assault with a deadly weapon, with an intent to inflict upon the person of another a bodily injury.

There were two counts in the indictment, the first alleging that no considerable provocation for the assault appeared, and the second charging that all the circumstances of the assault showed an abandoned and malignant heart, thus bringing the case within the provisions of the 25th section of the Criminal Code.   1 Starr & Curtis, 761.

The defendant below was arraigned, and, standing mute, the court ordered a plea of not guilty to be entered, and upon a trial the jury disagreed and were discharged.   On March 21, 1896, the plaintiff in error was again put upon trial, and the jury brought in a verdict of guilty of assault and battery.   The verdict was accepted by the court and the jury discharged.   On April 17, 1896, the trial court, on its own motion, set the verdict aside and ordered a new trial, over the objection of plaintiff in error.

A special venire was ordered and trial had, resulting in a verdict finding plaintiff in error guilty of an assault, whereupon the court entered judgment for a fine of $50 and costs. Plaintiff in error objected to every step of the proceedings subsequent to the verdict of March 21, 1896, and when that verdict was set aside by the court he entered a motion for his discharge, upon the ground that the verdict, not being responsive to the issues, was a nullity, and amounted to an acquittal of the defendant on trial.   The motion was overruled with the results above stated.   The proper exceptions

are preserved so as to present to this court the questions involved, viz.:

1. The court erred in overruling the motion for discharge.

2. In overruling the objection to the special venire for a third trial.

3. In putting plaintiff in error on trial again after the verdict of March 21, and

4. In rendering judgment.

It is conceded that the indictment would not support a verdict of guilty of an " assault and battery," and therefore it was not responsive to the issue. Young v. The People, 6 Ill. App. 434; Moore v. The People, 26 Ill. App. 137.

The question presented to us, then, is, had the trial court the right, after receiving the irresponsive verdict and discharging the jury, to set the verdict aside on its own motion and compel the defendant to submit to another trial? Plaintiff in error relies on Logg v. The People, 8 Ill. App. 99, for a reversal, and the reasoning of the opinion would, to some extent, seem to support his contention, but the facts of that case were essentially different from those in the one now before us. There can be no doubt of the correctness of the decision in that case, but is it decisive of this? Without discussing the cases at length, we think not. Here there was an attempt to find the defendant guilty of an offense analogous to one which was charged in the indictment, viz., an assault; but the jury went further, and found the defendant guilty of a battery coupled with the assault, which was not warranted by the indictment. The court could render no judgment on the verdict. In the case of Lawrence et al. v. The People, 1 Scam. 414, the defendants were indicted for larceny, and upon the trial, a defective verdict was returned, upon which it was conceded no judgment could be rendered. In deciding the case, the court say : " The only question presented in this case is on the power of the Circuit Court to set aside a defective verdict on which no judgment could be rendered, and to award a *venire de novo*. The right to exercise this power can not

be questioned. It has been exercised and practiced on in numerous criminal cases, and is undoubted. If the verdict does not sufficiently ascertain the facts of the case, the court may award a *venire facias de novo;* also, where the facts are found so defectively that no judgment can be given." And the judgment of conviction was affirmed. See also The State v. Redman, 17 Iowa, 329, in which case it is held that such second trial does not put the defendant twice in jeopardy for the same offense. This Iowa case is a well considered one, and cites many authorities in support of the decision. In the trial of March 21, 1896, in this case, there was simply a mistrial, rather than a putting in legal jeopardy, and we think the court did not err in setting the verdict aside, and ordering a *venire facias de novo.* The judgment will be affirmed.