## The People of the State of Illinois, Defendant in Error, v. David F. Johnson, Plaintiff in Error.

ASSAULT—*when conviction illegal.* One charged with "assault with a deadly weapon with intent to inflict bodily injury" cannot legally be convicted of an assault and battery, as the two offenses are separate and distinct.

Criminal prosecution for assault. Error to the County Court of Lawrence county; the Hon. JOHN A. LOPP, Judge, presiding. Heard in this court at the August term, 1908. Reversed. Opinion filed March 4, 1909.

Gee & Barnes, for plaintiff in error.

T. H. Cunningham, for defendant in error.

Mr. Presiding Justice Myers delivered the opinion of the court.

By indictment found and returned by a grand jury in Lawrence county, the plaintiff in error was charged with having made an "assault with a deadly weapon, with intent to inflict a bodily injury" upon the person of one Charles H. Pinkstaff, and thereafter, upon trial by jury in the County Court, to which the indictment was duly certified, he was found guilty of an "assault and battery." A motion in arrest of judgment was made and overruled, and the plaintiff in error was then sentenced to pay a fine of fifty dollars and costs and to stand committed until the fine and costs were paid. The judgment should have been arrested and the defendant discharged, for the reason assigned in the motion and upon the record, that the verdict was not responsive to the charge in the indictment.

There is a clear and well defined legal distinction between an assault and an assault and battery. They are separate and distinct offenses under the law, so that an indictment, for an assault (whatever the intent) will not authorize a verdict and judgment, that the accused is guilty of an assault and battery. The precise question was decided in Moore v. The People, 26 Ill. App. 137, wherein it was said: "An assault and an assault and battery are separate and distinct offenses under our statute. An assault with a deadly weapon with intent to inflict bodily injury may be committed either with or without an actual battery, and as we have seen no battery is alleged in the present indictment." See also Hunt v. The People, 53 Ill. App. 111.

The opposing contention that plaintiff in error may not complain because the verdict was authorized by an instruction given at his instance, cannot avail here,

for the reason, that no such instruction appears of record to which we are confined in the consideration of errors assigned. The legal effect of the verdict, accepted by the court, was to acquit the plaintiff in error of the offense charged in the indictment, and he ought therefore to have been discharged. Logg v. The People, 8 Ill. App. 99.

The judgment of the County Court will be reversed and the order entered in this court discharging plaintiff in error.

*Reversed.*