### The People of the State of Illinois, Defendant in Error, v. Alfred Weiss, Plaintiff in Error.

### Gen. No. 16,170.

1. PLEADING—*what definiteness required of information.* The information must have the same definiteness in respect to its allegations as is required of an indictment.

2. PLEADING—*when information fatally defective.* An information is fatally defective which fails to show upon its face that the offense charged was committed within the statutory period of limitation, and this notwithstanding no objection was raised in the lower court and a plea of guilty entered.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 14, 1912.

LOUIS GREENBERG, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; OTTO B. SCHRAM, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On August 19, 1909, the plaintiff in error was arrested by virtue of a capias issued by the Municipal Court of Chicago, and founded upon an information, duly signed and sworn to and filed in said court on said day, as follows:

"Edward S. McGuire, a resident of the City of Chicago, in the State aforesaid, in his own proper person, comes now here into Court, and, in the name and by the authority of The People of the State of Illinois, gives the Court to be informed and understand that Alfred Weiss, late of said City of Chicago, heretofore, to-wit: on the 4th day of August, A. D. 190 , at the City of Chicago, aforesaid, unlawfully, designedly and with intent to cheat and defraud Rothchild Company, a corporation organized and existing by virtue of the laws of the State of Illinois, falsely represented and pretended that a certain bank-check, then and there produced by him to be a good and valid bank-check, for the payment of $15, by means of which said false pretenses, did then and there unlawfully obtain from said corporation fifteen dollars of the value of $15, in lawful money of the United States of America, The property of said corporation, The said Alfred Weiss then and there well knowing the said false pretenses to be false, with the intent to cheat and defraud said corporation, whereas in truth and in fact the said bank-check, was not a good and valid bank-check, for the payment of the aforesaid money, contrary to the form of the Statute in such case made and provided, and against the Peace and Dignity of The People of the State of Illinois."

It will be noticed that in said information the date of the commission of the offense is alleged to be "here-

tofore, to-wit: on the 4th day of August, A. D. 190 , at" etc., and that this is the only allegation as to the time of the commission of said offense. Of course, the year "190 " is an impossible year, and it is quite evident that the last figure of the year was inadvertently omitted, but what that figure was intended to be, whether an "0", or any figure from "1" to "9" inclusive, cannot be inferred with any certainty.

To this charge plaintiff in. error, upon being arraigned on said August 19, 1909, pleaded guilty, and the court sentenced him to the House of Correction for a period of nine months. On October 19, 1909, a writ of error from this court was filed in said Municipal Court, and the bond of plaintiff in error, with surety, was there filed and approved, conditioned that plaintiff in error would prosecute his writ of error with effect, and in case the judgment of said Municipal Court was affirmed that he would surrender himself to the bailiff, etc.

Counsel for plaintiff in error urges that the judgment of the trial court should be reversed because, (1) the information failed to charge an offense, and (2) the information failed to show upon its face that the offense was committed within the period of eighteen months prescribed by section 316 of our criminal code.

To these contentions, counsel for the People replies that the information charged the offense of obtaining money by false pretenses under section 96 of our criminal code, that plaintiff in error pleaded guilty to the information, that no objections were made to the information in the trial court, and no rulings of that court were made thereon, and that the question of the applicability of the statute of limitations was not in any way preserved in the record for review.

Eliminating for the moment the question of the date, and assuming that the information definitely fixed the date of the commission of the offense within the period of the statute, we think that the information does suf-

ficiently charge an offense under section 96 of the criminal code.

But, when the allegation as to the time is considered, as well as the fact that plaintiff in error pleaded guilty to the information and made no motion in arrest of judgment, two questions are presented, namely: Does the information sufficiently charge an offense? And if not, has plaintiff in error waived that insufficiency by his plea of guilty and by not appropriately raising the question in the trial court?

It is seemingly the law of this State that an information must have the same definiteness in respect to its allegations as is required of an indictment. Parris v. People, 76 Ill. 274; Gould v. People, 89 Ill. 216. And as to indictments it is provided by section 411 of our Criminal Code that

"All exceptions which go merely to the form of the indictment, shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained, for any matters not affecting the real merits of the offense charged in the indictment."

Does, therefore, the failure of the information to charge upon its face the commission of an offense at a time within the period of the statute of limitations, affect the "real merits" of the offense charged? We think it does.

"When the time becomes material, either as constituting an element of the crime, or as affording to the accused a bar to the proceeding, it must be accurately stated." (22 Cyc., 314.) "And where the time within which an offense may be prosecuted is limited by statute, the time of the act averred in the indictment should appear to be within such limit." (22 Cyc., 316.)

In Garrison v. People, 87 Ill. 96, a count of the indictment, found in September, 1876, charged a larceny to have been committed in January, 1866, without showing that the accused had, at any time, been a "person fleeing from justice." It was *held* that the count was clearly bad and should have been quashed.

In Church v. People, 10 Ill. App. 222, the defendant was convicted by a jury of petit larceny, upon an indictment for grand larceny found more than eighteen months after the commission of the offense, and which did not allege that during said time the defendant was out of the State, etc., and it was *held* that the offense was barred and that the indictment was bad.

In Dreyer v. People, 176 Ill. 590, it was *held* that the rule that the proof need not show the commission of the offense at the time alleged in the indictment, would not aid an indictment against a municipal officer for failure to account for funds, where, according to the date alleged, it did not appear on the face of the indictment that he was under any duty then to account, and that, "in determining the sufficiency of the indictment, the court is to take the date alleged as the true one," and that where the time is so alleged as to disclose no crime, it must be held bad.

In Lamkin v. People, 94 Ill. 501, an indictment was returned on March 22, 1879, in which plaintiffs in error were charged with conspiring together on July 7, 1877, to cheat and defraud certain parties named therein of their goods, chattels, etc. A motion to quash the indictment was made and overruled, and the defendants were tried, and the jury returned a verdict of guilty, whereupon motions for a new trial and in arrest of judgment were made and overruled, and the court entered judgment on the verdict. Upon writ of error, said judgment was reversed and the cause remanded on the ground that where an indictment for a misdemeanor shows upon its face that the offense was committed more than eighteen months before the filing of the same, without bringing the case within any of the exceptions under which an indictment may be returned after the expiration of that time, said indictment is bad and should be quashed. The court, in speaking of the construction of statutes of limitation, quotes from a well known writer on Criminal Law, as follows, (p. 504):

"The statute is not a statute of process, to be scantily and grudgingly applied, but an amnesty, declaring that after a certain time oblivion shall be cast over the offense; that the offender shall be at liberty to return to his country and resume his immunities as a citizen, and that from henceforth he may cease to preserve the proofs of his innocence, for the proofs of his guilt are blotted out. Hence it is that statutes of limitation are to be liberally construed in favor of the defendant."

In State v. Sammons, 95 Ind. 22, an indictment was returned charging the accused with having sold intoxicating liquors without a license "on the 15th day of March, A. D. 188-." The indictment was quashed on the ground that while the day and the month were stated in the indictment, the year was not stated, unless it be the year A. D. 188 . The state appealed, and the action of the lower court in quashing the indictment was reversed, and on the ground that, while by the common law and by the decisions of many states of the United States such an indictment would be bad, it was provided by statute of Indiana that a failure to state in the indictment a time when the offense was committed, or an imperfect statement of such time, unless time be of the essence of the offense, would not render such indictment faulty, and that it was apparent that the statement of time in the indictment in question was an imperfect statement, in that the figures, and the dash following, clearly indicated that an additional figure was, by oversight, omitted.

We are aware of no such similar statute in Illinois upon which a like decision herein might be predicated. And even the Supreme Court of Indiana in a later case, referring to and explaining the *Sammons* case, decided that an indictment which charged the commission of the offense on an impossible date, such as "the 16th day of August 18184," was bad. Murphy v. State, 106 Ind. 96.

In Blake v. State, 3 Tex. App. 149, where it appeared

that by statute of Texas one of the requisites of an information was ''that the time of the commission of the offense be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation,'' it was decided that where the information charged that the offense was committed ''on August 18, A. D. one thousand eight and seventy-five,'' such information was not sufficient, because ''it can hardly be said that this charges any date at all. Certainly it does not appear therefrom that the offense was not barred by limitation at the time it was filed.''

In State v. O'Donnell, 81 Maine 271, an indictment, which was found on the first Tuesday of May, 1888, charged the offense to have been committed ''on May 15, 1807,'' and the court held the indictment to be fatally defective, as it fixed a date thirteen years before Maine became a sovereign state, and was practically an impossible date, and hence no date.

In State v. Shaw, 113 Tenn. 536, the indictment was found in January, 1904, charging the offense to have been committed ''on the ——— day of March, 1904,'' —a date subsequent to the finding of the indictment. The offense was one to which a statute of limitation of one year applied. The court *held* that where there is a statute of limitation, which bars the offense after a certain period, there should be a sufficiently definite averment of the time in the indictment to show that the offense was committed within the statutory limit; that where an impossible date is given, as in the indictment in question, it will be disregarded if the offense is one as to which there is no statute of limitation, or as to which the date itself is not important, and that, if the date in the indictment in question should be disregarded as an impossible one, still the indictment would be bad, because it would not appear therefrom that the offense was committed within the statutory limitation.

In State v. Bruce, 26 W. Va. 153, where it appeared

that by statute of West Virginia it was provided that "no indictment or other accusation shall be quashed or deemed invalid * * * for omitting to state, or stating imperfectly, the time at which the offense was committed, where time is not of the essence of the offense," and that it was further provided that "no exception shall be allowed for any defect or want of form in any presentment or indictment, * * * but the court shall give judgment thereon according to the very right of the case," an indictment was found for a misdemeanor which was barred within a certain period by a statute of limitation, but such indictment did not allege any date of the commission of the offense. It was *held* that by the common law every indictment should allege the time the offense was committed; that this rule has been modified by the statute first above mentioned, but that in misdemeanors it is essential that it should appear from the indictment that the offense was not barred by the statute of limitation at the time the indictment was found, for otherwise it would not show that the offense was *subsisting* and therefore indictable; and that the statute secondly above mentioned did not cure the defect of the lack of any date of the commission of the offense in the indictment because the indictment on its face did not disclose that the accused was guilty of a *subsisting* offense.

We are, therefore, of the opinion that the information in this case is defective in that it fails to show upon its face that the offense charged was committed within the statutory period of limitation. We are also of the opinion that the plea of guilty did not waive the defect.

"A plea of guilty has been held to have the same effect as a verdict of guilty with regard to defective averments; but if no crime is charged in the indictment or information, a plea of guilty does not prevent defendant from raising an objection on that ground. Defects of substance are not cured by a plea of guilty." (22 Cyc., 484.)

In Klawanski v. People, 218 Ill. 481, where the sufficiency of an indictment for forging a theater pass was questioned after the defendants had pleaded guilty, and where after the sentence they moved in arrest of judgment, which motion was overruled, and a writ of error was sued out to review the record of the proceedings, it is said (p. 483):

"As to the second proposition, that the sufficiency of the indictment cannot be urged after a plea of guilty, we see no good reason why advantage cannot be taken of a bad indictment upon writ of error after judgment of the court, the same as could advantage be taken of a bad declaration or faulty bill in equity; and while in suits at law a verdict will aid a defective statement of a good cause of action, yet the verdict will not aid a statement of a defective cause of action. And judgments at law or decrees in equity can be taken advantage of, after a judgment or decree, if a defective cause of action is stated, and is not sufficient to sustain a judgment or decree. The indictment is the foundation for the judgment of the court in a criminal proceeding, the same as a declaration or bill in equity in a civil action. Besides, as is said in 1 Bishop's New Criminal Procedure, (Sec. 795): 'The effect of a plea of guilty is a record admission of whatever is well alleged in the indictment. If the latter is insufficient it confesses nothing.' By a plea of guilty the accused simply confesses that he is guilty in manner and form as charged in the indictment, and if the indictment charges no criminal offense, or is otherwise fatally defective, it may be subsequently attacked on that ground. (12 Cyc., 353.)"

We are also of the opinion that the question of the sufficiency of the information can be raised in this court, notwithstanding no objections were made thereto in the trial court.

Where the indictment is insufficient to sustain the judgment, such grounds of objection may be availed of on writ of error, notwithstanding no motion in arrest of judgment was interposed in the trial court. Moore v. People, 26 Ill. App. 137. And where there are er-

rors of law which appear upon the face of the record, no exception to the judgment is necessary to be preserved. Randolph v. Emerick, 13 Ill. 345; Wiggins Ferry Co. v. People, 101 Ill. 446; People v. Dragstran, 100 Ill. 286; People v. C. & N. W. Ry. Co., 200 Ill. 289; People v. Manns, 146 Ill. App. 571, 574.

For the reasons indicated the judgment of the Municipal Court is reversed, and the cause remanded.

*Reversed and remanded.*