## The People of the State of Illinois, Defendant in Error, v. Daniel Martin and Edward Martin, Plaintiffs in Error.

1. CRIMINAL LAW—*verdict.* A verdict of guilty of assault and battery and a judgment thereon cannot be sustained on a count charging assault with a deadly weapon.

2. CRIMINAL LAW—*conviction on single count.* A verdict of guilty on the second count of an information containing three counts, the second and third of which charge the same offense, is equivalent to an acquittal as to the others.

3. ASSAULT WITH DEADLY WEAPON—*assault and battery.* The statutory misdemeanor of assault with a deadly weapon is a different offense from assault and battery.

4. ASSAULT AND BATTERY—*assault with deadly weapon.* The element of battery included in the offense of assault and battery is not included in the offense of assault with a deadly weapon.

5. ASSAULT AND BATTERY—*verdict.* It would seem that a verdict of guilty of assault and battery might be sustained under a count charging assault with a deadly weapon and battery.

6. CRIMINAL LAW—*correcting verdict.* It is not the province of the court to correct a verdict by correcting the number of the count on which conviction is had.

7. ASSAULT AND BATTERY—*verdict.* A verdict of guilty of assault and battery acquits of a charge of assault with a deadly weapon.

Error to the County Court of Hancock county; the Hon. J. ARTHUR BAIRD, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed March 15, 1912.

WILLIAM H. HARTZELL and SEYMOUR L. McCRORY, for plaintiffs in error.

W. H. STEAD and CLYDE P. JOHNSON, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a prosecution upon an information filed by the people in the County Court against the defendants,

plaintiffs in error. The first count charges the defendants with an assault with a deadly weapon and a battery; the second and third charge an assault with a deadly weapon. On a trial the jury returned a verdict "We, the jury, find the defendants Daniel Martin and Edward Martin guilty in the manner and form as charged in the second count, viz.: assault and battery." The defendants entered a motion in arrest of judgment, which was overruled, and judgment entered assessing a fine of seventy-five dollars against each defendant. The defendants prosecute this writ of error to review the judgment.

The verdict of guilty on the second count was equivalent to an acquittal as to the other counts. People v. Weil, 243 Ill. 208. An assault, and an assault and battery are separate and distinct offenses. Morse v. People, 26 Ill. App. 137; People v. Johnson, 147 Ill. App. 86. It is manifest that the misdemeanor described in the statute as an assault with a deadly weapon is a different offense from assault and battery. An assault with a deadly weapon is a more serious offense than an assault and battery, hence a more severe penalty is fixed by the statute for the former than for the latter offense. The offense of assault and battery contains an ingredient that is not included in the offense of assault with a deadly weapon, viz., a battery.

The jury found the defendants guilty of an offense not as serious as that charged in the second count but containing a material element not charged in the second count of the information. Defendant in error contends that the words "viz., assault and battery," are surplusage. The jury by their verdict state the offense of which they find the defendants guilty is that of assault and battery. A verdict of guilty of an assault and battery is an acquittal of a charge of assault with a deadly weapon. The verdict might have been sustained under the first count, if the jury had found the defendants guilty under that count, but it is not the

province of a court to correct a verdict by correcting an error of the jury as to the number of the count. The verdict of guilty of assault and battery and the judgment thereon cannot be sustained under the second count. Morse v. People, 26 Ill. App. 137; Hunt v. People, 53 Ill. App. 111; People v. Johnson, 147 Ill. App. 86. The motion in arrest should have been sustained and the defendants discharged. The judgment is reversed.

*Reversed.*