## The People of the State of Illinois, Defendant in Error, v. Morris Beifeld, Plaintiff in Error.

### Gen. No. 17,810.

ASSAULT AND BATTERY—*when force and anger constitute battery.* Where a person is distributing in front of an amusement park boxes of matches labeled that the park is unfair to organized labor, the taking of the matches from the person's hand by force and in manifest anger, constitutes not only an assault but a battery within the meaning of the criminal law.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed July 23, 1912.

FELSENTHAL & BECKWITH, for plaintiff in error; WALTER J. SPENGLER, of counsel.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

In this case the plaintiff in error contends that the

evidence was insufficient to sustain a conviction of assault and battery, and that in any event it did not prove a battery. The complaining witness, with others, was distributing boxes of matches in the street in front of the premises called the "White City," in which the plaintiff in error was interested. On these boxes were the words, "White City is unfair to organized labor." Plaintiff in error and his witnesses undertook to prevent their distribution. He admitted that he took boxes of matches away from the complaining witness, and all of his witnesses testified to the same effect. One said that when he came up, "He grabbed at them and took them away;" another, that, "We walked up and took the matches out of her arm"; another related what happened "after he took the matches away from her." While it might be implied from her version of the matter that she surrendered the matches on request, and relied upon other alleged acts of violence, yet it was clearly established by plaintiff in error and his witnesses that the matches were taken forcibly and under circumstances which constituted an assault and battery. Plaintiff in error's counsel admitted that technically it was an assault, but he urges here that it was not a battery. We think the taking of the matches from complainant's hand or arm in the manner indicated by the evidence, by force and in manifest anger, constituted not only an assault but a battery within the meaning of the law. Hunt v. People, 53 Ill. App. 111.

The judgment will be affirmed.

*Judgment affirmed.*