### The People of the State of Illinois, Defendant in Error, v. Ben Wagner, Plaintiff in Error.

#### Gen. No. 16,868.

INFORMATION—*fatally defective if no proper allegation of date.* An information alleging that the offense therein sought to be charged was committed "on the 30th day of April, A. D. 19——," is fatally defective and a judgment and conviction thereon cannot stand.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed August 12, 1912.

J. GRAY LUCAS, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACK HOFFHEIMER, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

An information filed in the Municipal Court charged "that Ben Wagner, late of the said City of Chicago, heretofore, to-wit: on the 30th day of April, A. D. 19  , at the City of Chicago, aforesaid, Did procure a place as inmate in a certain house of prostitution in the city of Chicago, in county and state aforesaid, commonly known and described as No. 9166 Harbor

avenue, for a certain female person known as Anne Wagner. The said Ben Wagner did cause, induce, persuade and encourage the said Anne Wagner to become an inmate of said house of prostitution contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Illinois.''

To this information the plaintiff in error, Ben Wagner, pleaded not guilty and formally waived a trial by jury. Upon the evidence adduced before the court on the trial the record recites the finding and judgment of the court as follows:

''This cause having been submitted to the court for decision and the court being fully advised in the premises, finds the defendant guilty, in manner and form as charged in the information herein. The state's attorney now here moves the court for final judgment on the finding of guilty herein, and the said defendant not saying anything further why the judgment of the court should not be pronounced against him on the finding of guilty entered in this cause, the court finds that it has jurisdiction of the subject-matter of this cause and of the parties hereto, and it is considered and adjudged by the court that said defendant is guilty of the criminal offense of causing, inducing, persuading and encouraging one Anne Wagner to become an inmate of a house of prostitution, on said finding of guilty.''

Upon the judgment so entered plaintiff in error was sentenced to confinement at labor in the House of Correction for the term of six months, and to pay a fine of $300 and the costs of prosecution. This writ of error is prosecuted to reverse such judgment of conviction.

The information is most carelessly and inartificially drawn, and the record of the judgment of the court is subject to the like criticism.

Of the several grounds urged by plaintiff in error for a reversal of the judgment, we deem it necessary to consider and determine but one.

The information alleges that the offense therein sought to be charged was committed ''on the 30th day

of April, A. D. 19 ." There is no other allegation of time in the information, and it is in effect and for all practical purposes, wholly wanting in any allegation as to time. The time alleged is impossible and in that respect the information is absurd. The objection is not merely technical, as that term is commonly used, but is substantial and fatal.

In People v. Weiss, 168 Ill. App. 502, the information charged that the offense was committed "on the 4th day of August, A. D. 190 ." The defendant pleaded guilty and was sentenced by the Municipal Court to imprisonment in the House of Correction. Upon writ of error from this court the judgment of conviction was reversed in an exhaustive and well considered opinion, which fully and satisfactorily disposes of the precise question involved in the case at bar.

The judgment of conviction upon the information here involved must be and is reversed and the cause remanded.

*Reversed and remanded.*