## The People of the State of Illinois, Defendant in Error, v. Edward Jackson, Plaintiff in Error.

### Gen. No. 18,624.

1. INFORMATION—*defective date.* Failure of an information to charge upon its face the commission of an offense at a time within the period of the statute of limitations affects the "real merits" of the offense charged and is fatal.

2. INFORMATION—*defective date.* An information charging larceny "on the 2nd day of    , A. D. 191 ," is fatally defective, even after conviction, but, as it may be amended, the court will remand on reversal of the conviction.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 24, 1913.

DAY & GUENTHER, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant and appellant on June 4, 1912, was convicted in the Municipal Court of Chicago of larceny, an information by one Leonhard Stoll having been filed in said court against him on May 3, 1912. That information charged the said Edward Jackson

with having "on the 2nd day of ——— A. D. 191 at the City of Chicago" unlawfully and wilfully stolen, taken and carried away eleven dollars in lawful money of the United States, property of Leonhard Stoll, the informant.

There are several reasons urged by the plaintiff in error why this conviction should be reversed, some of which might be sufficient to compel a reversal even without the fatal objection to the information on which we place our decision.

The information charges the stealing to be on the 2nd day of the year one hundred and ninety-one—an impossible date. We may well suppose, however, that the 2nd day of ——— A. D. 191 means the 2nd day of some month in a year between 1909 and 1920, the possibilities being still further limited by the fact that the information was filed May 3, 1912, to one of three years—1910, 1911 or 1912. But when this point has been reached we must stop. The 2nd day of any month in the year 1910 up to and including November, would be more than eighteen months before the filing of this information, and under section 4 of division 4 of our Criminal Code, the statute of limitations would protect the offender.

According to the decision of a Branch Appellate Court of this District, voiced in a well reasoned opinion by Mr. Justice Gridley, this failure of the information to charge upon its face the commission of an offense at a time within the period of the statute of limitations affects the "real merits" of the offense charged and is fatal. People v. Weiss, 168 Ill. App. 502.

We see no reason for departing from this doctrine, which compels the reversal of the judgment and, as the information may be amended, the remandment of the cause.

*Reversed and remanded.*