## COMMONWEALTH *vs.* AUGUST MANN.

Worcester.    September 29. — October 24, 1874.    COLT & MORTON, JJ., absent.

On the trial of an indictment for an assault and battery with a pistol, there was evidence that a quarrel occurred between the defendant and A.; that the latter while retreating threw beer mugs at the defendant, who fired two shots from a pistol, one

of which hit A. The defendant testified that he was in fear of his life; that he did not intend to hit A., and meant to frighten him and prevent him from further violence. *Held,* that whether the defendant was justified in firing the pistol was a question of fact for the jury, and that an instruction that a person who fires a pistol to frighten an assailant is guilty of an assault if he hits him, was erroneous.

INDICTMENT for assault and shooting Timothy Callaghan with a pistol. At the trial in the Superior Court, before *Lord,* J., there was evidence tending to show that the shooting took place in the defendant's saloon ; that a quarrel occurred between Callaghan and the defendant, and that Callaghan threw one or more beer mugs at the defendant, who then fired two shots from a revolver, and that the second shot hit Callaghan in the neck.

It appeared that Callaghan threw the mugs as he was retreating towards the door, and when the second shot was fired he was behind a screen that stood near the door, and about thirty feet from where the defendant stood ; and it further appeared that one of the shots entered the sheathing over the door. The defendant testified that he did not intend to hit Callaghan, but meant to frighten him ; that he was in fear of his life, and fired to frighten him and prevent him from further violence. The government offered evidence tending to show that the defendant intended to hit Callaghan.

The defendant requested the court to instruct the jury as follows : 1. If it was under the circumstances reasonably necessary for the defendant to fire the pistol at Callaghan, he would not be guilty of an assault. 2. If it was not reasonably necessary for the defendant to shoot Callaghan, it might be reasonably necessary to fire the pistol in such a manner as to deter him by fright from further violence upon the defendant, and if the defendant intended only to do the latter, he might not be guilty. 3. If the defendant did not intend to aim the pistol at Callaghan, nor to hit him when he fired, he would not be guilty of an assault, even though the shot took effect on Callaghan, unless the defendant fired the pistol recklessly. 4. If the defendant intended merely to fire the pistol in such a direction as to frighten Callaghan, and intended not to hit him, and accidentally, against the defendant's intention, the shot took effect, he would not be guilty of an assault, unless he fired recklessly.

The presiding judge did not read these requests to the jury, but said : " The defendant has asked for certain instructions which state the law correctly. It may be true that a person may be placed in such a situation that it would be reasonably necessary for him to fire a pistol to frighten his assailant, but whether or not this is so is immaterial to this case, and therefore has no application to the case. The real question in this case is, whether the pistol ball hit the party, for if the shot did not take effect, there is no evidence on which the defendant can be convicted of any offence. The defendant does not take the position that he was justified in using the pistol as an instrument of harm in defence of his own safety, but that he was justified in using it to frighten Callaghan. If he fired for the purpose of frightening, and hit the party, it is an assault and battery. If a person fires to frighten another, he fires at his peril, even if he did not intend to hit ; and if he does hit, he is guilty of assault and battery." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. F. Verry & F. A. Gaskill*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

DEVENS, J. The instructions in this case were erroneous in this, that they disposed, as questions of law, of those matters which properly presented questions of fact for the jury. The defendant undertook to excuse his firing his pistol and thus wounding Callaghan, who had assaulted him by throwing one or more missiles, upon the ground that he was in fear of his life, and fired in order to frighten Callaghan and deter him from further violence. He offered his own evidence to show this, and, while he did not contend that his danger was so great that he was justified in firing at Callaghan, he did contend that it justified him in firing for the purpose of frightening Callaghan, even if such firing was necessarily attended with some danger in the confusion of the brawl ; and further that, being thus justified, he was not responsible if Callaghan was accidentally hit, he not having fired recklessly. The ruling of the learned judge while it admits " that it may be true that a person may be so placed that it would be reasonably necessary for him to fire a pistol to frighten his assailant," adds that even if so this is immaterial and has no application to the case, and further that the real question is whether the pistol ball hit the party. It treats the act of the defendant in firing as a wrong

ful act, for the consequences of which he was to be held responsible if any ill consequences resulted. But whether it was so or not was to be determined by the jury in considering the character of the assault on the defendant, whether it was still continuing, whether it was attended by danger to life or of great bodily harm, and such other circumstances as should properly be weighed in deciding whether the defendant was justified by his own right of self-defence in exposing Callaghan to the danger to which he would be subjected if a pistol were used to frighten him.

The learned judge adds in his instructions that if a person fires a pistol to frighten another, he fires at his peril, even if he does not intend to hit, and that if he does hit, he is guilty of assault and battery. This is certainly correct if the firing be without cause that would justify his exposing the person, to frighten whom he thus fires, to danger from the use of a deadly weapon, but otherwise if such person is one making an assault so formidable in its character that in defence of himself the party assaulted may properly thus expose the assailant. *Exceptions sustained.*