`COMMONWEALTH *vs.* HENRY HAWKINS.

Bristol.    November 21, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Assault with a Dangerous Weapon — Intent — City Ordinance.*

While it is a general rule in criminal proceedings at common law that the defendant cannot be convicted unless a criminal intent is shown, it is not necessary that he should have intended the particular wrong which resulted from his act. If he intends to do an unlawful and wrongful act, which is punishable because it is wrong in itself, and in doing it he inflicts an unforeseen injury, he is criminally liable for that injury. As to the nature of the intent, nothing more is required than an intentional doing of an act which, by reason of its wanton or grossly negligent character, exposes another to personal injury, and causes such an injury.

Where recklessness or gross carelessness was at the foundation of the charge against the defendant of an assault with a dangerous weapon, the fact that the act was done in violation of a city ordinance was held to be proper evidence for the jury on the question of negligence.

INDICTMENT, charging the defendant with an assault with a dangerous weapon, in Fall River, in and upon one Mary A. Powers.    At the trial in the Superior Court, before *Bond*, J., there was evidence tending to show that the defendant, having been annoyed on the night of July 21, 1891, by different persons ringing his door-bell and insulting him when he came to the door, went out of the house into the street and fired a pistol, the bullet from which struck one Mary A. Powers, who was standing at the corner of two streets about two hundred and sixteen feet distant; that it was quite dark at the time; that both streets were in a thickly settled portion of the city, and that there were liable to be people on both streets and passing the corner at the time when the shooting took place.    The defendant, who was under the influence of liquor at the time of the

shooting, admitted that he fired the revolver, and stated that when he did so he looked up and down the street to see if there were any persons on the street; that he did not see any, and that he fired the revolver, pointing it towards the ground to let the persons who had been annoying and insulting him know that he had a pistol, in the belief that they would keep away from his house and not further molest him, and that he did not see Mary A. Powers, and that he did not intend to shoot her, or any other person; and the Commonwealth admitted that he did not intend to shoot her.

The defendant requested the judge to instruct the jury that "the fact that the firing of the pistol by the defendant was an unlawful act, or that it was in violation of the city ordinances, did not make it an act wrong in itself and done with evil intent, and did not render the defendant criminally liable for the result of the shooting." The judge gave this instruction, adding that it was a circumstance which the jury had a right to consider on the question of the conduct of the defendant. The judge also instructed the jury, that it was not necessary for the government to prove that the defendant intended to shoot Mary A. Powers, or any person, but that if they found that the defendant discharged the revolver in a grossly careless and negligent manner, or in a wanton and reckless manner, and by so doing wounded Mary A. Powers, he was guilty of the charge in the indictment.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Cummings*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth, did not care to be heard.

KNOWLTON, J. The only exception argued was to the instruction which the court gave, that the jury might consider, as a circumstance bearing on the question of the defendant's conduct, the fact that the firing of the pistol was an unlawful act, done in violation of a city ordinance.

The principal question of fact submitted to the jury was whether the defendant discharged the revolver in a grossly negligent or wanton and reckless manner. The jury were instructed, in substance, that, if he did, he was criminally liable for the consequences of his act.

It is a general rule in criminal proceedings at common law that the defendant cannot be convicted unless a criminal intent is shown, but it is not necessary that he should have intended the particular wrong which resulted from his act. If he intends to do an unlawful and wrongful act, which is punishable because it is wrong in itself, and in doing it he inflicts an unforeseen injury, he is criminally liable for that injury. It is a familiar rule that one who shoots intending to hit A., and accidentally hits and injures B., is liable for an assault and battery on B. So, in cases of homicide, the rule is well established, that one who wantonly, or in a reckless or grossly negligent manner, does that which results in the death of a human being, is guilty of manslaughter, although he did not contemplate such a result. His gross negligence in exposing another to a personal injury by intentionally doing the act makes his intention criminal, and supplies all the intent which the law requires to make him responsible for the consequences. *Commonwealth* v. *Pierce*, 138 Mass. 165, and cases cited. This principle is equally applicable to other cases where a personal injury results from a wanton or reckless act which is likely to do bodily harm, or from any gross negligence which causes the danger. In the case at bar, if Mary A. Powers had died from the pistol shot, the defendant, on the facts found by the jury, would have been guilty of manslaughter. As she survived the injury, the same principle now requires a conviction of assault and battery. There has been much discussion in the cases in regard to the nature of the intent necessary to constitute this crime, but the better opinion is that nothing more is required than an intentional doing of an act which, by reason of its wanton or grossly negligent character, exposes another to personal injury, and causes such an injury. See *Meader* v. *Stone*, 7 Met. 147, 151 ; *Commonwealth* v. *White*, 110 Mass. 407 ; *Commonwealth* v. *Stratton*, 114 Mass. 303 ; *Commonwealth* v. *Adams*, 114 Mass. 323 ; *Commonwealth* v. *Mann*, 116 Mass. 58, 61, *Commonwealth* v. *Pierce, ubi supra ; Rex* v. *Burton*, 1 Strange, 481 ; *Rigmaidon's case*, 1 Lewin, 180 ; *Regina* v. *Fretwell*, 9 Cox C. C. 471 ; *Gibbons* v. *Pepper*, 4 Mod. 405 ; *Weaver* v. *Ward*, Hob. 134 ; *Peterson* v. *Haffner*, 59 Ind. 130 ; *State* v. *Myers*, 19 Iowa, 517.

Inasmuch as recklessness or gross carelessness lies at the foundation of the charge against the defendant, the fact that the act

was done in violation of a city ordinance was proper evidence for the consideration of the jury on the question of negligence. *Lane* v. *Atlantic Works,* 111 Mass. 136.    *Damon* v. *Scituate,* 119 Mass. 66, and cases cited.                *Exceptions overruled.*