## SCHNEIDER v. STATE OF INDIANA.

[No. 22,408.   Filed February 17, 1914.]

1. ASSAULT AND BATTERY.—Acts Constituting.—Collision With Automobile.—An assault and battery may be committed by hitting another with an automobile.   p. 219.

2. CRIMINAL LAW.—Intent.—Appeal.—Review.—Intent is a question of fact to be determined by the court or jury trying the case from all the evidence, so that where there is sufficient evidence to present an issue of fact on that question, the finding of the court or jury thereon cannot be disturbed on appeal.   p. 219.

From Criminal Court of Marion County; Joseph T. Markey, Judge.

Prosecution by the State of Indiana against George Schneider. From a judgment of conviction, the defendant appeals. Affirmed.

Alvah J. Rucker, James E. Rocap, Harry E. Yockey and Clarence R. Martin, for appellant.

Thomas M. Honan, Attorney-General, and Thomas H. Branaman, for the State.

ERWIN, J.—This was a prosecution by the State against appellant charging him by affidavit, with the crime of assault and battery on the person of one Fred Wahl. To this affidavit appellant entered a plea of not guilty. The cause was submitted to the court without the intervention of a jury. The court found appellant guilty as charged and assessed a fine of $100 and costs of prosecution.

Appellant filed a motion for new trial on the grounds that the finding and judgment of the court is not sustained by sufficient evidence and is contrary to law. The facts as

shown by the evidence are that appellant ran an automobile against the person of the injured party thereby committing the crime charged. It is settled by the decisions of this court that an assault and battery may be committed by hitting another with an automobile. *Luther* v. *State* (1912), 177 Ind. 619, 624, 98 N. E. 640.

The only contention of appellant is that the evidence fails to show any intent on the part of the appellant, to unlawfully strike the injured party. Intent in a criminal case is a question of fact to be determined by the court or jury trying the case, from all the evidence introduced on the trial, and where there is some evidence sufficient to present an issue of fact, and that issue having been decided by the court or jury to which it was submitted, this court has no power to question that finding. It is contended by appellant that *Luther* v. *State, supra,* is decisive of the question that there was no intent to commit the assault and battery. This court decided that there was no issue of fact joined in that case and that the uncontroverted facts showed there was no intent to commit a crime. In this case, no question of law is presented for the decision of this court and therefore the judgment must be affirmed. Judgment affirmed.

NOTE.—Reported in 104 N. E. 69. See, also, under (1) 3 Cyc. 1022; (2) 12 Cyc. 591, 906. As to what judgments and orders may be appealed from, see 20 Am. St. 173. As to the criminal liability of the owner or driver for injuries inflicted by an automobile, see 18 Ann. Cas. 239.