STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WALTER SCHUTTE, PLAINTIFF IN ERROR.

Argued December 2, 1915—Decided January 28, 1916.

On error to the Supreme Court, whose opinion is reported in 87 *N. J. L.* 15.

For the plaintiff in error, *William S. Stuhr.*

For the defendant in error, *Robert S. Hudspeth,* prosecutor of the pleas (*George T. Vickers,* on the brief).

PER CURIAM.

The judgment of the Supreme Court is affirmed, for the reasons stated by Mr. Justice Garrison, speaking for that court, in an opinion reported in 87 *N. J. L.* 15.

We deem it wise, however, to call attention to a clause in the beginning of that opinion, which says: "The plaintiff in error was convicted of assault and battery by 'willfully and unlawfully' striking and wounding one Thomas Mitchell with an automobile, as charged in the indictment.

"Upon the trial before the judge of the Quarter Sessions, a jury having been waived, the allegations of the indictment were sustained by proof that the plaintiff in error ran his automobile through a city street *at a rate of speed in excess of the rate permitted by section 23 of the Motor Vehicle act* (3 *Comp. Stat.* 1910, *p.* 3436), and that endangered public safety, and that actually resulted in the injury of a pedestrian."

This clause is to be taken as a recitation of the facts proved in this particular case to sustain the indictment, rather than as a statement of what is necessary to sustain such an indictment. The fact that the automobile was exceeding the speed limit prescribed by the Motor Vehicle act is not the con-

trolling factor but is only a circumstance to be considered in deciding whether or not the defendant was running his automobile at a rate of speed which, under the existing conditions, was obviously dangerous to pedestrians or others using the highway. A man who deliberately drives his car into a mass of people standing in the street looking at a baseball score board, is guilty of assault and battery for running over some of them, although his automobile is traveling far below the speed limit, whereas one driving on a lonely country road with no pedestrians on it in sight, might be entirely guiltless of the crime of assault and battery for running over a child which suddenly darted from a concealed position by the highway, although the automobile at the time was exceeding the speed limit.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.