PEOPLE, PLAINTIFF AND APPELLEE, v. ASTACIO, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution
for Aggravated Assault and Battery.

No. 951.—Decided May 15, 1916.

ASSAULT AND BATTERY—COMPLAINT—PREJUDICE.—A defendant is not prejudiced
by being tried upon a complaint charging simple assault and battery when
such facts were considered as constituting the crime of aggravated assault
and battery, for the trial and judgment are based upon the facts alleged
and not upon the classification of them by the complainant.

ID.—CRIMINAL INTENT.—According to the Act of March 10, 1904, repealing sec-
tion 237 of the Penal Code and defining and punishing simple assault, sim-
ple assault and battery, aggravated assault and aggravated assault and bat-
tery, the intent to cause injury is an essential element of the offense of
assault and battery; but as intent is a state of the mind, it must be deduced
from the acts committed, as provided by section 12 of the Penal Code.

ID.—CRIMINAL INTENT—PRESUMPTION.—To show intent it is sufficient to prove
that the injury was the result of the unlafwul act of the person, because
the law presumes that a person intends the ordinary consequence of his
voluntary act.

ID.—BICYCLE—PEDESTRIAN.—When a person rides a bicycle at great speed through
the streets of a town and as a consequence of his wilful and unlawful act
runs over and causes bodily harm to a pedestrian, he is guilty of assault
and battery.

ID.—CRIMINAL INTENT.—A person who rides a vehicle through the streets of a
town at such speed as to imperil the safety of pedestrians cannot be heard
to deny that he intended to cause bodily injury to any of them, although
he may not have intended to injure a particular person.

The facts are stated in the opinion.
*Mr. Abraham Peña* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Genaro Astacio was charged with aggravated assault and
battery in that while riding a bicycle at great speed through
a street of the town of Cabo Rojo he wilfully, maliciously
and criminally caused it to run over the child Monserrate
Padilla with the intention of causing her great bodily injury,
hurling her to the ground, fracturing one of her teeth and
bruising her leg and right hand.

The defendant demurred to the complaint on the ground that it did not allege that he was an adult male, and the lower court, considering that the complaint was sufficient to charge simple assault and battery, overruled the demurrer and stated that it would try the case as one of simple assault and battery, which ruling was excepted to by the defendant. The case went to trial and having been convicted of simple assault and battery, defendant took the present appeal.

The first question raised by the appellant is that the lower court erred in overruling the demurrer to the complaint inasmuch as it was fatally defective, averring that the court should have dismissed the action and refused to put him on trial for simple assault and battery for which he was not prepared.

Regarding this question, it suffices to say that the appellant was not prejudiced in any way by being tried upon a complaint alleging facts sufficient to charge simple assault and battery, although said facts were considered as constituting the crime of aggravated assault and battery, for the trial and the judgment are based upon the facts alleged and not upon the clsssification of them by the complainant. *The People* v. *Zambrana,* 18 P. R. R. 732.

In his other ground of appeal the defendant contends that the evidence did not show that he intended to cause the child Monserrate Padilla the injury she received.

There is no doubt that according to the Act of March 10, 1904, repealing section 237 of the Penal Code and defining and punishing simple assault, simple assault and battery, aggravated assault and aggravated assault and battery, the intent to injure is an essential element to the offense of assault and battery, but as intent is a state of the mind it must be deduced from the acts committed, and for this reason section 12 of the Penal Code provides that a guilty intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused, and is

presumed from the manner and deliberation with which an unlawful act is intended or committed for the purpose of injuring another. To show intent it is sufficient to prove that the bodily injury was the result of the unlawful act of another person, because the law presumes that a person intends the ordinary consequence of his voluntary acts. Subdivision 3 of section 102 of the Law of Evidence. Consequently, in order to determine whether the appellant was actuated by guilty intent when he caused the injury to Monserrate Padilla, it becomes necessary to state how the facts resulting in her injury occurred.

The uncontradicted evidence showed that the appellant was riding his bicycle on the street where the accident happened at such a high rate of speed that a number of persons warned him that he would strike somebody and that when, without reducing his speed, he turned his head to answer those who had warned him, he ran over the Padilla child, who was close to the gutter, causing her the injuries stated in the complaint.

In accordance with the doctrine laid down in the case of The People v. Blandford, ante page 580, the right of pedestrians to walk along the streets and roads must be respected, and the person who violates that right commits an unlawful act and must suffer the consequences. In riding his bicycle through the streets of Cabo Rojo at such a high rate of speed as to cause other persons to warn him that he would strike somebody, the appellant must have presumed that he was going to cause bodily harm to some pedestrian, for any person of reasonable intelligence knows that the act of running a vehicle at great speed in places where pedestrians are usually to be met with is likely to result in collisions; for which reason it may be deduced from his conduct that he intended to cause the injuries which he inflicted upon the Padilla child, for, as said before, every person is presumed to intend the natural and probable consequences of his acts. The injury and bruises suffered by the child were not the consequence

of a careless act of the defendant or of an act purely accidental, but were the natural result of his voluntary and unlawful act in propelling his bicycle at a rate of speed dangerous to pedestrians. A person who drives a vehicle through the streets of a town at such speed as to imperil the safety of pedestrians cannot be heard to deny that he intended to cause bodily injury to any of them, although he may not have intended to injure a particular person. *Commonwealth* v. *Hawkins,* 157 Mass. 551.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.