## No. 8894.

### THE PEOPLE v. HOPPER.

Decided December 3, 1917.

Criminal action for assault with intent to commit a bodily injury with an automobile. Directed verdict of not guilty.

### *Reversed.*

1. CRIMINAL LAW—*Intent—Directed Verdict.* A verdict of not guilty is properly directed under an information charging an assault with intent to commit a bodily injury, where the evidence shows no specific intent to commit such an assault; intent being an essential element of the crime.

2.      *Assault to do bodily harm—Included offense.* Under a charge of aggravated assault, the jury may find that the assault was committed without the aggravated circumstances, and return a verdict of guilty of simple assault.

3.      *Automobiles—Assault and battery.* The law with reference to assault and battery in automobile cases, summarized.

4. AUTOMOBILES—*Violation of City Ordinance.* The fact that an automobile driver violated a city ordinance would not alone make him guilty of an assault upon a person injured in a collision between his car and another; but the fact that an ordinance was being violated, is proper evidence going to the question of negligence.

5. CRIMINAL LAW—*Information—Assault and Battery.* A person can not be convicted of a battery under an information alleging an assault only, no battery being charged.

6.      *Trial—Question for the Jury.* In the trial of a criminal case under an information charging assault to commit bodily harm, where there is some evidence of such negligence as might make the defendant guilty of simple assault, that question should be submitted to the jury, notwithstanding there could be no conviction of the major offense, owing to the absence of proof of intent.

*Error to the District Court of the City and County of Denver, Hon. William D. Wright, Judge.*

Mr. FRED FARRAR, Attorney General, Mr. W. B. MORGAN, Assistant, for The People.

No appearance for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE writ of error in this case is prosecuted on behalf of the people to review a decision of the trial court in directing a verdict of not guilty. Authority for a review of the decision is found in section 1997, R. S. 1908, section 2124, Mills. Ann. Sts., which provides, *inter alia,* that "writs of error shall lie on behalf of the state, or the people, to review decisions of the trial court in any criminal case upon questions of law arising upon the trial."

This is a criminal case in which, after both the people and the defendant rested, upon motion of defendant the trial court directed the jury to find the defendant not guilty.

The information which was filed against the defendant below, omitting formal parts, reads as follows:

"That W. J. Hopper, * * * with a deadly weapon, to-wit, an automobile which he the said W. J. Hopper then and there had and held, then and there unlawfully, wilfully and maliciously did make an assault on one Frank W. Beard, with intent then and there unlawfully, wilfully and maliciously to commit a bodily injury upon the person of the said Frank W. Beard, no considerable provocation then and there appearing for the said assault and the circumstances thereof then and there showing an abandoned and malignant heart in him the said W. J. Hopper." The information was substantially in the language of the statute, section 1658 R. S. 1908, section 1786 Mills Ann. Sts., on which it was based, so far as such statute defines the particular kind of assault here charged.

It is not necessary in the present case to determine whether or not an automobile is, or under some circumstances may be "a deadly weapon, instrument or other thing" referred to in the statute in question. A verdict of not guilty, so far as the particular offense charged in the information is concerned, was properly directed for the reason that there was, according to the evidence, no specific

intent on the part of the defendant "to commit a bodily injury upon the person of the said Frank W. Beard." Under the statute on which the information was drawn, the intent therein mentioned is an essential element of the offense.

In the case of *State v. Potello,* 42 Utah 396, 132 Pac. 14, the court had under consideration a statute very similar to ours, the statute having reference to assaults "with intent to do bodily harm." The court in the opinion says: "All the cases and text-writers seem to be of one accord that in such a charge as here the intent to do bodily harm is the very essence of the offense, and that it must be proved as alleged." To the same effect is the case of *In re Burns,* 113 Fed. 987. It is said in 5 C. J. 736 that where "the statute provides that the weapon must be used with a specific intent, such intent is an essential element of the offense." See also 3 Cyc. 1030; 2 Am. & Eng. Enc. Law, p. 965. It has been held, however, that the intent need not be a specific intent to assault the prosecuting witness, or to inflict the particular kind of injury which resulted. 3 Cyc. 1030. The evidence in the case at bar disclosed no intent to injure any person or to inflict any particular injury.

The mere fact, however, that there was no evidence of the required *specific* intent whereby defendant would be guilty of the precise offense charged in the information, would not justify the court in discharging the defendant. The defendant might still be guilty of simple assault. An indictment or information for assault to do bodily harm includes a simple assault. 22 Cyc. 473. In a charge of aggravated assault the jury may find that an assault was committed without the aggravating circumstances and return a verdict of conviction of simple assault. 2 R. C. L. Sec. 52, p. 571.

Upon the trial of this case there was some evidence introduced which made it the duty of the trial court to submit to the jury, under proper instructions, the question of defendant's guilt of simple assault. There was testimony

that the defendant was driving an automobile down a very much traveled street at a rate of from 45 to 50 miles per hour, a speed greatly in excess of that permitted by the speed ordinance of the city of Denver and in violation of such ordinance; that while so driving and when crossing an intersecting street the defendant's machine struck with great force the side of an automobile which was being driven along such intersecting street, whereby the car struck was "smashed all to pieces" and both cars turned "end for end"; that the collision occurred in an old settled part of the city, and the defendant while so driving the car "was expecting to find anyone coming out from those dark streets", it being about 11:25 P. M. on a dark, dusty and hazy night; that the defendant's car was in first class condition, under his control, and the brakes were in perfect condition; that as a result of the collision one of the occupants of defendant's car was thrown about fifteen feet in the air, and that the driver of the car struck by defendant's automobile was severely injured.

There was no evidence that the defendant had a specific intent to injure any person in any manner, but this intent was not necessary to make out the offense of assault. The general rule with reference to what is the equivalent of criminal intent under these circumstances is thus stated in section 204, Clark & Marshall, Law of Crimes (2nd ed.):

"While there is very little authority on the question, there seems to be no good reason to doubt that a person may be guilty of criminal assault and battery if he intentionally does an act which by reason of its wanton and grossly negligent character, exposes another to personal injury, and does in fact cause such injury."

See also *Commonwealth v. Hawkins,* 157 Mass. 551, 32 N. E. 862. In 1 Bishop's New Crim. Law, section 313, the author says:

"There is little distinction except in degree between a will to do a wrongful thing and an indifference whether it is done or not. Therefore carelessness is criminal, and

within limits supplies the place of an affirmative criminal intent."

This quotation was used and applied in the case of *State v. Surry* (Wash.), 63 Pac. 557, 560, which was an assault case.

The law with reference to assault and battery in what may be called the "automobile cases" is summarized by the court in its syllabi in the case of *Tift v. State,* 17 Ga. App. 663, 88 S. E. 41, as follows:

"1.   Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety. *Dennard v. State,* 14 Ga. App. 485, 81 S. E. 378. The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions bruises, blows, and similar physical injuries to persons in the vehicle so struck. *State v. Lewis,* 4 Pennewill (Del.) 332, 55 Atl. 3.

"2.   Where the state's testimony tended to show a case of assault and battery through the reckless driving of an automobile, it was not error to charge the jury that 'a crime or misdemeanor shall consist in the violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence.'

"3.   Nor in such a case was it error for the court to charge the jury as follows: 'Every person is presumed to intend the natural and necessary consequence of his acts.'

"4.   Nor was it error in such a case for the court to charge the jury as follows: 'Persons traveling in automobiles or buggies have the lawful right to use a public highway, but in so doing they should not, without lawful justification or excuse, intentionally, wantonly, or recklessly drive their vehicle against that of another person, to the injury of such other person.'

"5.   Nor in such a case was it error to charge the jury that, 'If the defendant did not intentionally cause said ma-

chine to run against said buggy, but at the time of such collision said Tift was intentionally handling said machine in such a wanton or reckless manner, or intentionally driving said machine at a rate of speed so high and reckless, as to render said machine obviously dangerous to other travelers upon such highway, and, as a result, the said machine ran against said buggy, thereby inflicting such personal injuries, the defendant would be guilty of assault and battery,' especially where the court also, in the same context, charged the jury that, 'if the defendant did not intentionally run said machine against said buggy, and at the time the collision occurred defendant was not intentionally driving said car in such a wanton or reckless manner, or at so high rate of speed, as to render said machine obviously dangerous to others traveling said highway, whereby the collision occurred, and such collision was not caused by any evil design, intention, or culpable neglect on the part of said Tift, then such collision would be attributable to misfortune or accident, and said Tift would not be guilty of any offense.' "

The sixth paragraph of the syllabus in *Tift v. State, supra,* is too lengthy to justify repeating, but is in accord with the following from the opinion in the case of *Luther v. State,* 177 Ind. 619, 98 N. E. 640, also an automobile and assault and battery case:

"In these cases of personal injury there is a constructive intention as to the consequences, which entering into the wilful, intentional act, the law imputes to the offender, and in this way, a charge which otherwise would be mere negligence, becomes, by reason of a reckless disregard of probable consequences, a wilful wrong. That this constructive intention to do an injury in such cases will be imputed in the absence of an actual intent to harm a particular person, is recognized as an elementary principle in criminal law."

In *Commonwealth v. Bergdoll,* 55 Pa. Super. Ct. 186, it was held that a verdict of guilty of assault in operating an automobile will be sustained where the evidence shows that

the machine was run with reckless speed on the wrong side of the highway, and in such a manner that it zigzagged from side to side. In *Fishwick v. State,* 33 Cir. Ct. Rep. (Ohio) a conviction for assault and battery was sustained where there was no intent to injure and where the automobile was driven at a high rate of speed.

See also section 916 Berry on Automobiles (2nd ed.); *Schneider v. State,* 181 Ind. 218, 104 N. E. 69; *State v. Schutte,* 87 N. J. L. 15, 93 Atl. 112; Id. 88 N. J. L. 396, 96 Atl. 659.

The mere fact, however, that the defendant was driving at a speed whereby he violated the speed ordinance would not make him guilty of assault in this case. *Commonwealth v. Adams,* 114 Mass. 323, 19 Am. Rep. 362. But " the fact that the act was done in violation of a city ordinance was proper evidence for the consideration of the jury on the question of negligence." *Commonwealth v. Hawkins, supra.*

The attorney-general in his brief assumes that the charge of assault with intent to commit upon the person of another a bodily injury, as the offense is described in section 1658 R. S. 1908 and as charged in the informtion, includes a charge of assault and battery. It is to be noted, however, that the information does not charge a battery. It goes no further than to charge an assault of an aggravated nature. It includes all the elements of a simple assault, and therefore includes a charge of simple assault, but it does not include the elements necessary to constitute a battery, and therefore there could not be a conviction of battery under the information in this case. The rule applicable here is concisely stated in 22 Cyc. 473 as follows:

"An indictment for assault with intent to do bodily harm or great bodily harm includes a simple assault. So an indictment for an assault with intent to do bodily harm includes an assault and battery, if a battery is averred, but not if the battery is not charged."

In 5 C. J. 765 it is said:

"A defendant cannot be convicted of a battery under an indictment which does not charge a battery."

' See also *People v. Johnson,* 147 Ill. App. 86; *Moore v. People,* 26 Ill. App. 137; *Bryant v. State,* 41 Ark. 359; *Turner v. Circuit Judge,* 88 Mich. 359, 50 N. W. 310; *Jones v. State,* 100 Ark. 195, 139 S. W. 1126; *Alyea v. State,* 62 Nebr. 143, 86 N. W. 1066; 1 Wharton's Crim. Law ·(10th ed.), section 640; 1 Bishop's New Crim. Law, section 803.

The evidence in this case was conflicting, and we express no opinion as to what the verdict of the jury ought to have been upon the issue they should have been required to consider. The conclusions we reach are as follows:

1. That there was no evidence of a specific intent on the part of the defendant to commit a bodily injury either upon the party injured or any other person, and the defendant could not be convicted of an assault with intent to commit a bodily injury as charged in the information.

2. That since no battery was averred in the information the defendant could not be convicted of assault and battery.

3. ·That there was some evidence of such negligence as would make the defendant guilty of simple assault.

4. That the trial court ought to have submitted to the jury the question of defendant's guilt of simple assault.

5. That the trial court erred in directing the jury to render a general verdict of not guilty.

Judgment reversed.

Mr. Chief Justice White and Mr. Justice Bailey concur.