## BLEIWEISS v. STATE OF INDIANA.

[No. 23,386.    Filed April 25, 1918.    Rehearing denied
March 27, 1919.]

1. CRIMINAL LAW.—*Appeal. — Briefs. — Sufficiency.*—Where an appellant in a criminal case fails to group his points and authorities under proper headings, or to apply his propositions to the particular circumstances in issue, the Supreme Court, under the rules of briefing, would be justified in affirming a judgment of conviction.  p. 185.

2. ASSAULT AND BATTERY.—*Striking with Automobile.—Intent.*— An assault and battery may be committed by striking another with an automobile, where there is a criminal intent.  p. 185.

3. ASSAULT AND BATTERY.—*Striking with Automobile.—Intent.*— In a prosecution of a defendant for assault and battery for striking another with an automobile, the element of intent may not be implied from the lack of ordinary care, but it may be implied from intentional acts, where the injury was the direct result of them, done under circumstances showing a reckless disregard for the safety of others and a willingness to inflict the injury, or from the commission of an unlawful act that leads directly to the injury.  pp. 185, 187.

4. CRIMINAL LAW.—*Appeal. — Review.—Intent.—Proof.*—Where there is evidence in the record tending to show that the defendant, while operating an automobile in violation of §10476c Burns 1914, Acts 1913 p. 779, §14, and, with a reckless disregard for the safety of others, struck the defendant, who was on a motorcycle, there was sufficient showing to present an issue of fact as to the element of intent, and in such case the Supreme Court will not disturb the judgment.  pp. 186, 188.

5. CRIMINAL LAW.—*Appeal. — Review. — Evidence.—Weight.* — The Supreme Court will not disturb a judgment of conviction in a criminal case for insufficiency of evidence unless there is an entire failure of proof upon an essential element of the offense.  p. 187.

From the Marion Criminal Court (46,375) ; *James A. Collins,* Judge.

'Prosecution by the State of Indiana against Maurice Bleiweiss.    From a judgment of conviction, the defendant appeals.    *Affirmed.*

*Quincy A. Myers, Edward E. Gates* and *Samuel M. Ralston,* for appellant.

*Ele Stansbury*, Attorney-General, *Elmer E. Hastings*, and *Dale F. Stansbury*, for the state.

SPENCER, C. J.—Appeal from a judgment of conviction based on an indictment which charges appellant with the offense of assault and battery. The assignment of errors contains two specifications, one of which is directed against the sufficiency of the indictment and the other challenges the action of the lower court in overruling appellant's motion for a new trial.

That motion contains four grounds but, in the preparation of his brief, appellant has failed to group his points and authorities under proper headings as required by Rule 22 and his several propositions of law, which are ten in number, are stated in abstract form and practically without reference to the particular circumstances in issue. Under the rules governing the preparation of briefs, we would be justified in affirming the judgment of the trial court without further comment, but we have taken occasion to examine the principal questions discussed by counsel in argument and find that their solution requires a consideration of the evidence introduced at the trial.

From that evidence it appears that appellant, while driving an automobile over one of the principal streets in a residence section of the city of Indianapolis, struck a motorcycle on which the prosecuting witness was riding and caused him severe injuries. The testimony on some of the material issues is in conflict, but there is evidence from which the trial court may have concluded that appellant's machine was moving at a speed of about thirty-five miles an hour and that he was not exercising proper care for the safety of other persons who might be using the street. There can be no doubt that an assault and battery may be committed by striking another

with an automobile (*Luther* v. *State* [1912], 177 Ind. 619, 624) although, of course, there must be some evidence of a criminal intent. "But the intent may be inferred from circumstances which legitimately permit it. Intent to injure may not be implied from a lack of ordinary care. It may be from intentional acts, where the injury was the direct result of them, done under circumstances showing a reckless disregard for the safety of others, and a willingness to inflict the injury, or the commission of an unlawful act which leads directly and naturally to the injury." *Luther* v. *State, supra,* 625.

The issue of intent is a question of fact to be determined by the court or jury trying the case from all the evidence given at the trial, and where there is sufficient evidence to present an issue of fact on that question, the finding of the court or jury thereon will not be disturbed on appeal. *Schneider* v. *State* (1914), 181 Ind. 218. There is evidence in this case which tends to show that appellant was operating his machine in violation of §10476c Burns 1914, Acts 1913 p. 779,

4. §14, and with a reckless disregard for the safety of others. Under such circumstances the finding of the trial court must be sustained.

Judgment affirmed.

Lairy and Myers, J J., concur in conclusion.

## ON PETITION FOR REHEARING.

WILLOUGHBY, J.—In this case the appellant has filed a petition for rehearing, and claims that the evidence does not sustain the judgment. In the original opinion the court waived the infirmities in appellant's brief, and considered the questions discussed, one of which was the sufficiency of the evidence to sustain the judgment. The appellant claims that under the evidence the court was not warranted in finding any criminal intent on the part of this defendant.

This court will not disturb a verdict in a criminal case on the weight of the evidence. It is only where there is an entire failure of the evidence to sustain the

5. finding or the verdict on some material point that the Supreme Court will reverse the judgment on account of insufficient evidence. *Lee* v. *State* (1900), 156 Ind. 541, 60 N. E. 299; *Shular* v. *State* (1902), 160 Ind. 300, 66 N. E. 746; *Keith* v. *State* (1901), 157 Ind. 376, 61 N. E. 716.

In *Luther* v. *State* (1912), 177 Ind. 619, 625, 98 N. E. 640, 642, the court said: "Intent on the part of the person charged, to apply the force constitut-

3. ing the battery, is, however, an essential element of the offense (of assault and battery) * * *. But the intent may be inferred from circumstances which legitimately permit it. * * * It may be from intentional acts, where the injury was the direct result of them, done under circumstances showing a reckless disregard for the safety of others, and a willingness to inflict the injury, or the commission of an unlawful act which leads directly and naturally to the injury." In that case the court in discussing this principle said: "The law is regardful of human life and personal safety, and if one is grossly and wantonly reckless in exposing others to danger, it holds him to have intended the natural consequences of his act, and treats him as guilty of a wilful and intentional wrong." In *Schneider* v. *State* (1913), 181 Ind. 218, 104 N. E. 69, the court said: "Intent in a criminal case is a question of fact to be determined by the court or jury trying the case, from all the evidence introduced on the trial, and where there is some evidence sufficient to present an issue of fact, and that issue having been decided by the court or jury to which it was submitted, this court has no power to question that finding." In this case the appellant testified: "I quite frequently pass by Sixteenth and

Central. I certainly know it is a very dangerous corner. I believe that is a closely built up portion of the city. I was not familiar with the exact figures of the speed law, but I have been told it was fifteen miles an hour." A policeman, who was stationed at that place, and who witnessed the collision, testified: "I noticed an automobile coming north on Central avenue. The defendant was driving it. When I first saw the automobile it was about two squares south of place of collision, at Fourteenth street. I noticed it was coming at pretty high speed and at Sixteenth street it was going at thirty-five miles an hour. As automobile neared Sixteenth street there was no signal at all." Another witness testified that the automobile struck the motorcycle, and dragged the fellow under the machine, and also the motorcycle. The brake was thrown on the automobile right at south side of Sixteenth street on Central avenue, and the machine ran eighty-seven feet before it stopped. Another witness testified: "Comparatively speaking, I would say the automobile was going about as fast as the fire department runs. I would not try to put it in miles. I was coming up Sixteenth street and I looked and saw the automobile dash out and crash into it. I saw the collision. I saw the automobile dash into something, and then something fly up in the air." Another witness testified: "I saw the collision. I first saw the automobile between Fifteenth and Sixteenth streets, and saw it up to the time of collision. My opinion is it was going about thirty-five miles per hour."

From the evidence it is clear that the defendant knew that the place was a dangerous place; that it was a closely built up portion of the city. Notwithstanding that, he was running his car at a reckless and dangerous rate of speed. He was running with a reckless disregard for the safety of others.

The law holds him to have intended the natural and probable consequences of his unlawful and reckless acts. The evidence is sufficient.

Petition for rehearing is overruled.

NOTE.—Reported in 122 N. E. 577. Criminal law: liability of owner or driver for injuries inflicted by automobile, 18 Ann. Cas. 239, Ann. Cas. 1914A 684.