### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### EASTERN DIVISION

## KNOXVILLE, SEPTEMBER TERM, 1922.

GEORGE SHORTER v. THE STATE.*

(*Knoxville.* September Term, 1922.)

1. **HOMICIDE.** That motorist exceeding speed limit may be guilty of murder, it must appear that his conduct imperiled human life.

To make out a case of murder against a motorist exceeding the speed limit, it must appear that such conduct was directly perilous to human life, or that human life would probably be endangered thereby. (*Post, p.* 359.)

Acts cited and construed: Acts 1905, ch. 173.

Cases cited and approved: Lee v. State, 41 Tenn., 62; Moody v. State, 46 Tenn., 299.

Cases cited and distinguished: Ann v. State, 30 Tenn., 159; Tarvers v. State, 90 Tenn., 485.

2. **HOMICIDE.** Motorist exceeding speed limit held guilty of manslaughter only.

Where a motorist is running in excess of the speed limit, without knowledge that he is endangering or probably endangering the

---

*On manslaughter in connection with use of automobile for unlawful purposes, or in violation of law see notes 16 A. L. R., 914 and 21 A. L. R., 1504.

On death inflicted while defendant is violating a municipal ordinance see note 28 L. R. A. (N. S.), 770.

Shorter v. State.

lives of others, if he runs down and kills a person, he is g y only of manslaughter, in view of Thompson's-Shannon's C ь, section 6444, defining manslaughter. (*Post, pp.* 359, 360.)

3. **HOMICIDE.** Instruction as to attempt to murder by reckless operation of automobile held erroneous.

In a prosecution of a motorist, who ran down and killed some persons while exceeding the speed limit of twenty miles an hour, imposed by Acts 1905, chapter 173, an instruction that, if defendant exceeded the speed limit of twenty miles an hour or was running a car upon a public highway in an unlawful manner and so recklessly as to endanger human life, he was guilty of an attempt to commit murder in the second degree, *held* erroneous as failing to require a consciousness of peril or probable peril to human life, imputable to the defendant. (*Post, pp.* 359, 360.)

4. **HOMICIDE.** Malice not inferable from mere fact of operation of automobile on highway at unlawful speed.

While negligence may be inferred from the mere fact of the operation of an automobile on a public highway at an unlawful rate of speed, malice cannot be inferred from such fact alone. (*Post, p.* 360.)

Case cited and distinguished: Lauterbach v. State, 132 Tenn., 603.

Code cited and construed: Sec. 6444 (T.-S.).

5. **HOMICIDE.** Assault with intent to commit involuntary manslaughter, crime unknown to law.

There is no such crime known to our law as assault with intent to commit involuntary manslaughter. (*Post, pp.* 360, 361.)

Cases cited and approved: State v. Schutte, 88 N. J. Law, 396; Bleiweiss v. State, 188 Ind., 186; Fishwick v. State, 33 Ohio Cir. Ct., 63; Lauterbach v. State, 132 Tenn., 603.

Cases cited and distinguished: S⌐⌐vens v. State, 91 Tenn., 726; Cowley v. State, 78 Tenn., 282.

Appeal from the Criminal Court of Knox County.— HON. T. A. R. NELSON, Judge.

HAL H. CLEMENTS and FRED C. HOUK, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error operated a taxicab in Knoxville. While driving his machine on one of the streets in the city he ran into a party of six young people, walking, on their way to church, Sunday evening. Five of these were seriously injured. The plaintiff in error was indicted for an assault with intent to commit murder in the second degree, and was convicted of that offense. He has appealed in error to this court.

We forbear a discussion of the facts, since the case must go back for another trial. We feel constrained to reverse the judgment of the lower court on account of errors in the charge.

Chapter 173 of the Acts of 1905 provides that no automobile shall be run or driven upon any of the public highways of this State at a rate of speed in excess of twenty miles per hour.

The trial judge charged the jury as follows: "Where a person in charge of a dangerous agency, such as an automobile, exceeds the speed limit of twenty miles per hour, or is running a car upon a public highway in an unlawful manner and so recklessly as to endanger human life and serious injury is inflicted upon a pedestrian, or a person on foot, the operator of such car is guilty of an attempt to commit murder in the second degree."

Elsewhere in the charge the thought is conveyed that a person operating an automobile at a speed exceeding twenty miles an hour, who inflicts serious injury upon a person in the street, is guilty of an attempt to commit murder in the second degree. It will be noted that this proposition is stated disjunctively from the other proposition

that one running a car in an unlawful manner, and so recklessly as to endanger human life, is likewise guilty under such circumstances.

In *Ann* v. *State,* 11 Humph. (30 Tenn.), 159, the law is thus laid down: "To constitute the crime of murder by the common law, and by that law this case is to be governed, the killing must be with malice aforethought; no matter by which of the thousand means adequate to the destruction of life the death may have been effected. Malice, in its legal sense, is the sole criterion by which murder is distinguished from every other species of homicide. The malice essential to constitute the crime of murder, however, is not confined to an intention to take away the life of the deceased, but includes an intent to do any unlawful act which may probably result in depriving the party of life. It is not, in the language of Blackstone, so properly spite or malevolence to the individual in particular, as an evil design in general, the dictate of a wicked, depraved, and malignant heart; and it may be either express or implied in law. 4 Bl. Comm., 199, 200.

"If an action, unlawful in itself, be done deliberately and with intention of mischief, or great bodily harm, to particulars, or of mischief indiscriminately, fall where it may, and death ensue, against or beside the original intention of the party, it will be murder. But, if such mischievous intention do not appear (which is matter of fact to be collected from the circumstances), and the act was done heedlessly and incautiously, it will be manslaughter only. Foster, 261. But, if the death ensue in the performance of a lawful act, it may amount either to murder, manslaughter, or misadventure, according to the circumstances by which it is accompanied. Ibid, 262, 1 Hale, 472; 4 Bl. Comm., 192."

In *Tarvers* v. *State,* 90 Tenn., 485, 16 S. W., 1041, this court said: ".  .  .  If the act done was an unlawful act, and the doing of it was directly perilous to human life, and so known to the wrongdoer, that then there is implied such a high degree of conscious and willful recklessness as to amount to that malignity of heart constituting malice. The result may not have been intended, yet the deliberate and conscious doing of an act the probable consequence of which was death, amounts to murder at common law.  This is the doctrine of *Lee* v. *State,* 1 Cold., 66, and it is fully supported by the common-law authorities."

To the same effect are *Lee* v. *State,* 1 Cold. (41 Tenn.), 62; *Moody* v. *State,* 6 Cold. (46 Tenn.), 299 and other cases.

To make a case of murder against a motorist exceeding the speed limit, we think it should appear that such conduct was directly perilous to human life or that human life would probably be endangered thereby.

Thus, if one in charge of a car so operated it where he saw people on the street and in danger, and if he so operated his car where he knew it to be probable that people were in the way, we think malice would be implied, and he could be charged with murder if another was run down and killed by the automobile under such conditions.

However, if the motorist was running in excess of twenty miles an hour, without knowledge that he was endangering or probably endangering the lives of others, we think under these conditions he would only be guilty of manslaughter, if he ran down and killed a person.  There must be a consciousness of peril or probable peril to human life imputed to the operator of a car before he can be held for

murder, and this idea is lacking from the portions of the charge in this case of which complaint is made.

We may infer negligence from the mere fact of the operation of an automobile on the public highway at an unlawful rate of speed. *Lauterbach* v. *State,* 132 Tenn., 603, 179 S. W., 30. We cannot, however, infer malice from this fact alone.

Our statutory definition of manslaughter is as follows: "Manslaughter is the unlawful killing of another without malice, . . . which may be either voluntary upon a sudden heat, or involuntary, but in the commission of some unlawful act." Thompson's-Shannon's Code, section 6444.

Bearing in mind this section of the Code, we do not see how there can be any question here of an assault with intent to commit voluntary manslaughter. There is no such crime known to our law as assault with intent to commit involuntary manslaughter. *Stevens* v. *State,* 91 Tenn., 726, 20 S. W., 423.

We, therefore, think there was no occasion to charge anything about assault with intent to commit manslaughter, either voluntary or involuntary.

If the defendant below had been acquitted of murder, then the next inquiry for the jury was whether or not he was guilty of assault and battery.

In *Cowley* v. *State,* 10 Lea (78 Tenn.), 282, this court said: "And it is not necessary in a simple assault that there should be the specific purpose to do a particular injury, but general malevolence or recklessness will be sufficient."

Shorter v. State.

In a number of cases in other jurisdictions, one who with his automobile negligently runs down people in the streets has been held guilty of an assault or assault and battery. *State* v. *Schutte,* 88 N. J. Law, 396, 96 Atl., 659, aff. 87 N. J. Law, 15, 93 Atl., 112; *Bleiwess* v. *State,* 188 Ind., 186, 119 N. E., 375, 122 N. E., 577; *Fishwick* v. *State,* 33 Ohio Cir. Ct., 63.

There is nothing in what we have said that is intended in any way to weaken the authority of *Lauterbach* v. *State,* 132 Tenn., 603, 179 S. W., 130. In that case the defendant was convicted of involuntary manslaughter only.

For the reasons stated, the judgment below will be reversed, and this case remanded for a new trial.