## SINGER *v.* STATE OF INDIANA.

[No. 24,338.    Filed March 12, 1924.]

1. ASSAULT AND BATTERY.—*Collision by Automobile.—Lawful Speed.*—Speed in driving an automobile in excess of the rate of twenty-five miles per hour will not alone render one guilty of assault and battery who causes a collision while traveling at such speed, since that is only *prima facie* evidence of a speed greater than was reasonable or prudent, having regard to the traffic and the use of the highway.   p. 398.

2. ASSAULT AND BATTERY.—*Collision by Automobile.—Evidence to Convict.*—Evidence on the part of the state that defendant was driving his automobile at fifty miles per hour, at dusk, when dust was hanging over the road, and that he swerved to the left side of the road and hit a team which was driving on its own side of the road, is sufficient to warrant the court in finding that he was negligent, that he acted with reckless disregard for the safety of others, and that he intended to commit the battery.   p. 398.

3. CRIMINAL LAW.—*Appeal.—Weight of Evidence.*—Objection on appeal to the sufficiency of the evidence because of the lack of credibility of witnesses is inefficacious, since the Supreme Court cannot weigh the evidence.   p. 399.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

William Singer was convicted of assault and battery, and he appeals.   *Affirmed.*

*Ely & Corn* and *Hovey Kirk,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—Appellant was charged with the crime of assault and battery and upon a trial by the court, he was convicted.

On this appeal he has assigned that the court erred in overruling his motion for a new trial. The only point he seeks to make under this assignment is that the finding of the court is not sustained by sufficient evidence and is therefore contrary to law.

The appellant has set out only a part of the evidence in his brief. The testimony of some witnesses is entirely omitted and that of others omitted on very material matters. The part of the evidence that appellant has set out in his brief tended to show, and the court could ·have found from such evidence, that appellant was driving his automobile along a much used public highway, just at dusk, when there was also dust hanging over the road, making it impossible to see more than a short distance ahead, at a speed of at least fifty miles per hour. That when going at such a speed, under such conditions, he ran into a wagon to which was hitched a team of mules. That the driver of said team had pulled over to the right side of the road and the appellant turned his automobile suddenly to the left and caused the collision. That the prosecuting witness was riding on said wagon and was severely injured.

Of course it is true that the mere fact that appellant was driving in excess of twenty-five miles an hour would not render him guilty. Speed in excess of twenty-five miles an hour is only *prima facie* evidence of the fact that he was driving at a speed which was greater than was reasonable or prudent, having regard to the traffic and use of said highway. But if appellant was driving at the speed the state's witnesses testified he was going, and which the court trying the cause had a right to believe, and considering the conditions existing at such time, then the court could reasonably have found that the appellant acted with a reckless disregard for the safety of others and with a willingness to inflict the injury. In other words, the court could have found from the evidence that the appellant had the intent to commit the battery.

The undisputed evidence shows the collision and that the prosecuting witness was injured as a result thereof, which constituted a rude touching of another, and from

the evidence set out the court was justified in finding that it was done with an unlawful intent, and was not merely a negligent act. *Luther* v. *State* (1912), 177 Ind. 619; *Schneider* v. *State* (1914), 181 Ind. 218; *Bleiweiss* v. *State* (1918), 188 Ind. 184.

Most of appellant's argument attacks the credibility of some of the witnesses for the state. This might be very persuasive to a court or jury charged with

3. the duty of weighing the evidence and determining the facts, although it does not seem to have persuaded the trial court in this case; but as we cannot weigh the evidence and as there was evidence which, if believed by the court trying the case, was sufficient to convict, we have no alternative but to affirm the judgment.

Judgment affirmed.