STATE *v*. TILLIE HAMBURG.

(*March* 15, 1928.)

HARRINGTON, J., sitting.

*James R. Morford,* Deputy Attorney-General, for the State.
*J. Frank Ball* for defendant.

Court of General Sessions for New Castle County, March Term, 1928.

HARRINGTON, J., charged the jury in part as follows:

■ An assault is usually defined to be any unlawful attempt or offer with force and violence to do injury to the person of another, with such apparent present possibility of carrying out such attempt as to put the person against whom the attempt was made in fear of personal violence.

■ A battery is the consummation of such unlawful attempt; that is to say, it is the unlawful use of physical violence by one person toward another.

■ Generally speaking, a wrongful intent is essential in a criminal prosecution for assault and battery, though such intent may be inferred from the facts and need not be specifically proved. *Commonwealth v. Hawkins*, 157 *Mass.* 551, 32 *N. E.* 862; *Commonwealth v. McLaughlin*, 5 *Allen* (*Mass.*) 507; *State v. Baker*, 20 *R. I.* 275, 38 *A.* 653, 78 *Am. St. Rep.* 863; *Schneider v. State*, 181 *Ind.* 218, 104 *N. E.* 69; *State v. Woods*, 7 *Penn.* 499, 504, 77 *A.* 490; 2 *R. C. L.* 529, 728; 5 *C. J.* 721, 728, 776; 3 *Cyc.* 1024.[1]

■ A person is, therefore, guilty of assault and battery where physical violence results from mere gross negligence, recklessness or a wanton disregard of the consequences of her acts, even though there is no specific or particular intent to use violence against any one or to do any injury to the person injured; the necessary intent being inferred from proof of such facts. *State v. Paxson*, 6 *Boyce* 249, 99 *A.* 46; *State v. Sloanaker*, 1 *Houst. Cr. Cas.* 62; *State v. Baker*, 20 *R. I.* 275, 38 *A.* 653, 78 *Am. St. Rep.* 863; *Bishop's New Criminal Law*, vol. 2, §§ 60, 72; 5 *C. J.* 712; 2 *R. C. L.*, *p.* 728.

In *State v. Paxson*, 6 *Boyce* 249, 99 *A.* 46, *supra*, this court said:

"The intent with which an assault is made need not be a specific purpose to do a particular injury, wantonness or mere recklessness being sufficient."

This is because every one is presumed to intend the probable consequences of her own act. *State v. Sloanaker*, 1 *Houst. Cr. Cas.* 62.

[1] A person may be guilty of assault and battery, though too drunk to form an intent. But in crimes in which a particular and specific intent is required, the rule is different. *State v. Truitt*, 5 *Penn.* 466, 62 *A.* 790.

In *Clark & Marshall, Law of Crimes* (2d *Ed.*) 204, the author said:

"While there is very little authority on the question, there seems to be no good reason to doubt that a person may be guilty of criminal assault and battery if he intentionally does an act which by reason of its wanton and grossly negligent character exposes another to personal injury and does in fact cause such injury."

The rule governing this question is also stated with some clearness in *Berry on Automobiles,* at *section* 1754:

"Assault and battery may be committed by striking another with an automobile intentionally or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety, or by driving an automobile on a public highway at a rate of speed that endangers the safety of other persons and actually results in injury. * * * One must be taken to have intended the natural consequences of his acts and the driving of an automobile in a reckless manner or at an excessive rate of speed is a willful act, an act which follows upon a determination of the will of the operator that it shall be done, an intentional act. It is not the result of mere inattention or negligence." See, also, *L. R. A.* 1917D, 950; 16 *A. L. R.* 917; *People v. Hopper,* 69 *Colo.* 124, 169 *P.* 152; *State v. Schutte,* 87 *N. J. Law* 15, 93 *A.* 112; *Id.*, 88 *N. J. Law* 396, 96 *A.* 659.

The defendant had the right to use Fourth Street of this city, but it was her duty to exercise that right with due regard to the rights of others lawfully crossing that street at intersecting streets.

It is not contended that she intentionally injured the prosecuting witness, but it is contended that she operated her automobile at an excessive rate of speed under the circumstances, and that the injury suffered by the prosecuting witness was wholly due to defendant's grossly negligent, wanton and reckless acts in the operation of her car.

Whether your verdict shall be guilty or not guilty is for you to determine, but if, after considering the evidence, you believe beyond a reasonable doubt that the injuries suffered by the prosecuting witness were due to the grossly negligent, wanton and reckless acts of the defendant in operating her car, your verdict should be guilty.

If, however, you do not believe that the defendant was operating her car at the time at a high rate of speed, but was then exer-

cising the due and proper care- and caution that the circumstances required, and was, therefore, not guilty of any grossly negligent, wanton or reckless acts causing injury to the prosecuting witness, your verdict should be not guilty.